CASE 50—INDICTMENT—FEBRUARY 8.

# Commonwealth v. Barnett.
# Commonwealth v. Hutton.

APPEALS FROM PULASKI CIRCUIT COURT.

OBTAINING MONEY BY FALSE PRETENSES.—Where it was the duty of the "timekeeper" of a railroad company to keep an accurate account of, and report to the company at the end of each month, the number of trips made by each train conductor in the service of the company, and the timekeeper, pursuant to a conspiracy with one of the company's conductors, reported that the latter had, during a particular month, made more trips than he had in fact made, and the company, relying upon that report, paid the conductor a larger amount than he was entitled to receive, the conductor, by reason of his combination and agreement with the timekeeper to defraud the company, was guilty of obtaining money by false pretenses, being as much a principal in the offense as if he had made the false report in person.

WM. J. HENDRICK, ATTORNEY-GENERAL, AND C. W. LESTER, COMMONWEALTH'S ATTORNEY, FOR APPELLANT.

The statute is broad enough to cover, and was intended to cover, the obtention of money or property by any one under or by a false pretense, statement or token, whether he made the pretense, state-

Commonwealth v. Barnett.  Same v. Hutton.

ment or token himself or . procured it to be made by another; and thus construing the statute, the indictment contains all the material averments necessary to constitute the offense charged. (Criminal Code, secs. 122, 124.)

O. H. WADDLE ON SAME SIDE.

The acts alleged in the indictment are sufficient to constitute the offense of obtaining money under false pretenses. (Bishop on Criminal Law, vol. 2, secs. 442, 470; Am. and Eng. Ency. of Law, vol. 7, pp. 700, 720, 721, 754, and authorities there cited; Roberts v. People, 9 Col., 458; 13 Pac. Law Rep. 630.)

GEORGE DENNY FOR APPELLEES.

While the defendants may be indicted for conspiracy and punished as directed by the common law, they can not, under the facts as alleged in the indictment, be held responsible for obtaining money by false pretenses, as no act or conduct upon their part induced the railroad company to believe that the account for their services as presented by . Hyde did, in reality, contain the correct amount of money earned by them.

CHIEF-JUSTICE BENNETT DELIVERED THE OPINION OF THE COURT.

The appellees, Lou Barnett and H. A. Hutton, were indicted in the Pulaski Circuit Court for obtaining money by false statement, pretense or token from the Cincin- nati, New Orleans & Texas Pacific Railway Company. It is alleged that the appellees were conductors on the company's freight trains, and that George W. Hyde was in the employment of the said company and engaged as assistant timekeeper for it, whose duty it was to keep an accurate account of the amount of services rendered said company by the appellees, and report to the company, at the end of each month, the number of trips made by the appellees during said month, and the amount of money due them therefor from said company. It is also alleged that the appellees and said Hyde conspired, agreed and confederated, one with another, that said Hyde, as timekeeper, should report to said company more trips at

the end of the month than the appellees had made during that month, in order to enable them to get pay for trips that they did not make; and pursuant to said agreement and confederation said Hyde reported to said company more trips than the appellees had made as conductors, the pay for which amounted to several hundred dollars, and that the company relied upon said reports as true and correct, and in pursuance thereof paid said sums to the appellees, who demanded and received the same in pursuance of said false and fraudulent combination and confederation. It is also substantially alleged that the company was induced to pay said sums by said false reports alone.

A demurrer was sustained to these indictments. The language of the statute under which these indictments are drawn is as follows:

"If any person, by any false pretense, statement or token, with the intention to commit a fraud, obtain from another money, property or other thing which may be the subject of larceny, . . . he shall be confined in the penitentiary not less than one nor more than five years." (Gen. Stats., chap. 29, art. 13, sec. 2.)

The facts necessary to constitute this crime are as follows: *First*, That the property, thing or money obtained must be the subject of larceny. The money obtained was clearly the subject of larceny. *Second*, That it was obtained without right and with the intention to commit a fraud. *Third*, That there was a fraud committed by the obtention.

The allegations of the indictment are: That by a fraudulent combination and agreement with the time-keeper he reported more trips than the appellees had made for the company as its conductors; that it was

intended by the appellees and the timekeeper that the report should be received as correct by the company, and to enable the appellees to fraudulently obtain, upon the faith of the report, more money than they were entitled to receive for their services, and that the company did rely upon the report as correct, and paid to the appellees, upon the faith of it, more money than they were entitled to receive.

It seems that if the appellees had made these false representations themselves for the purpose of defrauding the company out of more money than they were entitled to receive for their services, and the company, knowing nothing to the contrary, had paid them the sum claimed upon the faith of the representations thus made, they would be guilty of obtaining the money by false pretenses, etc.  But, instead, they conspire with the company's timekeeper—whose duty it was to make the report of the trips made by the appellees, and upon which report the company relied—to make a false report of the number of trips that they made in order that they might receive more money than they had earned, and pursuant to the conspiracy the false report was made, and the appellees were thereby enabled to defraud the company out of money not due them.

Now, it seems to us that this combination and agreement made the appellees as much a principal and as much guilty of obtaining the money by false pretenses as if they had acted all the parts in person.  The indictment in each case is clearly sufficient.

The judgment sustaining the demurrer is reversed, and each case is remanded for further proceedings consistent with this opinion.