## SINGLETON v. KENNAMER.

No. 1994.    Opinion Filed November 16, 1910.

**APPEAL AND ERROR—Record—Action on Motion to Dismiss Appeal.** A motion to dismiss an appeal from a judgment of a justice of the peace filed in the district court is not a part of the record proper, and error based on the action of the district court in sustaining such motion cannot be presented to this court upon a transcript of the record.

(Syllabus by the Court.)

*Error from District Court, Tulsa County, L. M. Poe, Judge.*

Action between G. W. Singleton and W. L. Kennamer. From an order of district court dismissing an appeal, Singleton brings error. Dismissed.

*Aby & Tucker,* for plaintiff in error.
*Charles N. Simon,* for defendant in error.

KANE, J. This proceeding in error was commenced for the purpose of reviewing an order of the district court of Tulsa county dismissing an appeal from a justice of the peace court of said county. The only error complained of is that the court erred in dismissing the appeal of the plaintiff in error and remanding said action to the justice of the peace by whom the judgment appealed from was rendered. It is sought to present this alleged error by a transcript of the record. This cannot be

done.   *McMechan v. Christy,* 3 Okla: 301.   In that case it was held that:

"Under the code of 1893, a motion to dismiss an appeal from the probate court to the district court, and a motion for a new trial, and the evidence taken on the trial in the district court, and the exceptions made to the various rulings of the district court upon these matters, are not a part of the record without a case-made or bill of exceptions, and a transcript of the record of the district court presents no question, in this court, for a review of the actions of the district court in its rulings upon such motions."

One on all fours with the case at bar may be mentioned: *Black v. Kuhn,* 6 Okla. 87.   In that case it was held:

"The Statutes of 1893 do not include a motion as part of the pleadings in the cause, and make no provision for bringing here for review, an order made upon a motion to dismiss an appeal in the district court, by a transcript of the record."

The foregoing authorities have been followed by the Supreme Court of the territory and this court in a great many cases, and the rule therein laid down has long since become the settled law of this jurisdiction.   Moreover, it has been held by this court, in an opinion handed down this term (*Holcomb v. C. R. I. & P. Ry. Co.* [*infra*]) that, since statehood, appeals do not lie from justice of the peace courts to the district courts of the state.   The appeal must be dismissed.

All the Justices concur.