## LUDWIG v. BENEDICT.

No. 3321. Opinion Filed May 14, 1912.

Rehearing Denied July 19, 1912.

(125 Pac. 739.)

1. **APPEAL AND ERROR**—Record—Scope and Contents—Motion for New Trial. A motion for a new trial copied into a transcript constitutes no part of the record, and will not be considered by the Supreme Court on appeal.

2. **SAME**—Instructions—Necessity for Motion for New Trial. Rulings on instructions and exceptions thereto cannot be considered, unless the instructions are excepted to at the trial, the exceptions made to appear of record, and the objections pointed out to the trial court on motion for new trial.

(Syllabus by the Court.)

*Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.*

Action between William H. Ludwig and John D. Benedict. From the judgment, Ludwig brings error. Dismissed.

*Bailey & Wyand,* for plaintiff in error.

*Murphey & Noffsinger,* for defendant in error.

KANE, J. This cause comes on to be heard upon a motion to dismiss the appeal upon the following grounds: (1) Because the plaintiff in error has failed to attach to his petition in error a case-made and a bill of exceptions, preserving the evidence and such rulings and orders of the trial court as are not by statute made a part of the record. (2) Because none of the errors complained of were presented to the trial court by a motion for

a new trial.   (3) Because the record does not show any motion for a new trial, or the rulings of the court thereon.   (4) Because the evidence, motions, and orders of the trial court that are not a part of the record, unless made so by a bill of exceptions or case-made, have not been preserved, and are not a part of the record in this case.   (5) Because the petition in error presents no question for the consideration of the court, independent of the evidence and other orders, rulings, and acts of the court that have to be, by law, made a part of the record by a case-made or bill of exceptions.

The motion to dismiss must be sustained.   The plaintiff in error attempts to appeal by attaching to his petition in error what he calls a "transcript of the record," which contains a certified copy of the summons, the return of the officer thereon, the petition of the plaintiff, the answer of the defendant, and the reply. It also contains what is designated as instructions asked by plaintiff and refused by the court, and the exceptions noted, the verdict of the jury, and the motion for a new trial.   It is apparent that a motion for a new trial was necessary to bring to this court for review the errors complained of.   It has been many times held by this court that a motion for a new trial copied into a transcript constitutes no part of the record, and will not be considered by the Supreme Court on appeal.   *McMechan v. Christy,* 3 Okla. 301, 41 Pac. 382; *Black v. Kuhn,* 6 Okla. 87, 50 Pac. 80; *Kingman & Co. v. Pixley,* 7 Okla. 351, 54 Pac. 494; *Menten v. Shuttee,* 11 Okla. 381, 67 Pac. 478; *McCarthy v. Bentley,* 16 Okla. 19, 83 Pac. 713; *Davis v. Lammers,,* 23 Okla. 338, 100 Pac. 514; *Tribal Development Co. v. White Bros.,* 28 Okla. 525, 114 Pac. 736.

Counsel for plaintiff in error contend that the instructions given and refused, when filed, form part of the record proper, and need not be incorporated into the case-made or bill of exceptions, in order to be reviewed by this court.   It is well settled in this jurisdiction that rulings on instructions, and exceptions thereto, cannot be considered, unless the instructions are excepted to at the trial, the exceptions made to appear of record, and the objections pointed out to the trial court on motion for new trial.

*Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Glaser et al. v. Glaser et al.,* 13 Okla. 389, 74 Pac. 944; *Southwestern Cotton Seed Oil Co. v. Bank of Stroud et al.,* 12 Okla. 168, 70 Pac. 205; *Martin et al. v. Gassert,* 17 Okla. 177, 87 Pac. 586.

The appeal must be dismissed. It is so ordered.

TURNER, C. J., and HAYES, WILLIAMS, and DUNN, JJ., concur.