## JONES v. LEE.

No. 4474.  Opinion Filed August 25, 1914.

(142 Pac. 996.)

1.  **APPEAL AND ERROR** — Assignments of Error — Sufficiency. Where assignments of error are so indefinite and general as not to point out the errors complained of, and do not direct the court's attention to any facts showing cause for reversal, the Supreme Court will not consider them.

2.    **SAME—Presentation for Review—Transcript.** Assignments of
      error to the effect that the trial court erred in giving certain in-
      structions, that the verdict is excessive, that the trial court erred
      in overruling the motion for a new trial, etc., cannot be presented
      for review upon a transcript of the record.

(Syllabus by the Court.)

*Error from District Court, Beaver County;*
*R. H. Loofbourrow, Judge.*

Action between W. I. Jones and Jesse A. Lee. From the
judgment, Jones brings error. Dismissed.

*Claude T. Smith* and *Philip E. Winter,* for plaintiff in error.

*Dickson & Dickson* and *Gray & McVay,* for defendant in
error.

KANE, C. J. This cause comes on to be heard upon a mo-
tion to dismiss the appeal and proceeding in error herein upon
the following grounds:

"(1) Because this is an attempted appeal by petition in
error and certified transcript of record filed in the Supreme
Court on October 22, 1912, and none of the assignments of error
in the petition in error present any questions to this court for
review, as fully appears from the assignments and the transcript
of the record filed herein, which said assignments are as fol-
lows: 'First. Said district court erred in rendering judgment
in favor of defendant in error and against plaintiff in error. Sec-
ond. Said district court erred in not rendering judgment in favor
of plaintiff in error and against defendant in error for costs.
Third. Said district court erred in giving to the jury instructions
numbered 1 on page 22 of transcript and refusing to give in-
structions on pages 23 and 24 of transcript requested by plain-
tiff in error. Fourth. Said district court erred in overruling the
motion of plaintiff in error for a new trial of said cause in said
court. Fifth. Said judgment of the district court is contrary to
law, excessive, and the result of prejudice and passion. Sixth.
Because of divers other errors appearing in said record.'"

The motion to dismiss must be sustained. The first, second,
and sixth assignments of error are too general and indefinite to
present any question for review to the Supreme Court, either upon
a transcript of the record or a case-made, in that neither of them
points out any specific error or directs the court's attention to
any fact showing cause for reversal. *Turner v. First Nat. Bank,*

40 Okla. 498, 139 Pac. 703. The other assignments of error cannot be presented for review upon a transcript of the record. *Glaser v. Glaser et al.,* 13 Okla. 389, 74 Pac. 944; *Boyd v. Bryan,* 11 Okla. 56, 65 Pac. 940; *Ludwig v. Benedict,* 33 Okla. 300, 125 Pac. 739.

The motion to dismiss the appeal is sustained.

All the Justices concur.