Commerce Trust Co. v. School Dist. No. 37 of Pontotoc County et al.

## COMMERCE TRUST CO. v. SCHOOL DIST. NO. 37 OF PONTOTOC COUNTY et al.

No. 4029.   Opinion Filed February 9, 1915.

Rehearing Denied April 6, 1915.

(147 Pac. 303.)

1.   **PLEADING—Ruling on Demurrer—Waiver of Error.** When a demurrer to a petition is overruled, and afterwards plaintiff amends his petition, curing the defect urged by the demurrer, and defendant thereafter files answer to said petition as amended, and trial is had upon the issues so made, without objection, the error, if any, in overruling the demurrer is waived.

2.   **APPEAL AND ERROR—Assignments of Error—Sufficiency.** Assignments of error contained in the petition in error which are so indefinite and general as not to point out the errors complained of, and do not direct the court's attention to any facts showing cause for reversal, cannot be made the basis for different assignments in the brief that would be sufficient to point out the alleged errors.

(Syllabus by the Court.)

*Error from District Court, Pontotoc County;*
*Tom D. McKeown, Judge.*

Action by School No. 37 of Pontotoc county and another against the Commerce Trust Company, a corporation. Judgment for plaintiffs, and defendant brings error. Affirmed.

*Everest & Campbell,* for plaintiff in error.

*Bullock & Kerr* and *Stone & Maxey,* for defendants in error.

HARDY, J.   On November 16, 1912, an opinion was rendered herein, holding the case-made to be a nullity, but overruling the motion to dismiss the appeal, because the record is certified as a transcript, and retaining the case to determine errors presented on the face of the record.

The defendant in error, who will be referred to as the school district, in the court below filed suit against the plaintiff in error, who will be referred to as the Commerce Trust Company, and thereafter filed an amended petition, to which the trust company filed a demurrer upon the grounds, first, that the plaintiff had no legal capacity to sue; second, defect of parties defendant; and, third, that the petition did not state facts sufficient to constitute a cause of action—which demurrer was by the court overruled. Afterwards, upon application in open court, the school district procured leave to amend the caption of its petition by making the same read "School District No. 37 of Pontotoc County," plaintiff, instead of "District School Board No. 37 Pontotoc County," as it was originally filed, and also to amend the petition by striking out the word "board" in the second line of the first paragraph thereof. On March 7, 1911, the case came on for trial, and was partly tried, whereupon the school district was given leave to withdraw the case from the jury and continue the same. On September 19, 1911, the Commerce Trust Company was given ten days to file amended answer, and the school district was given ten days thereafter to file reply; and the case was continued for the term. On September 30, 1911, the Commerce Trust Company filed in said cause its second amended answer to the amended petition of the school district, to which said school district filed reply on October 28, 1911; and on November 9, 1911, the case came regularly on for trial, and upon a trial therein resulted in a verdict in favor of the school district in the sum of $3,920.

The first error assigned in the brief of plaintiff in error is:

"The trial court erred in overruling the demurrer of the trust company to the amended petition of the school district."

If there was error in this action of the court, we think same is waived, because after said amendment had been

made, by stating in the caption "School District No. 37 of Pontotoc county, plaintiff," and also by striking out the word "board" in the second line of the first paragraph of the petition, the Commerce Trust Company was given ten days to amend answer, and on the 30th day of September, 1911, filed an answer to said petition as amended, without objection thereto, and trial was had upon the issues so made; and this we think constituted a waiver of any error that may have been committed by the court in its ruling upon said demurrer, and was an appearance by plaintiff in error to said amended petition.

In the case of *Dunn* v. *Carrier*, 40 Okla. 214, 135 Pac. 337, the court said:

"But if the court erred in overruling the demurrer to the first amended petition, he is not prejudiced, since the trial was had on the second amended petition. Defendant demurred to the second amended petition, and later abandoned it, and answered. From this it would seem that he was satisfied that the petition on which trial was had, and judgment rendered, stated a cause of action, and it would serve no useful purpose to look into the first amended petition, and decide whether or not it was vulnerable to attack by demurrer."

There are 19 assignments of error in the petition in error, which was prepared upon the assumption that the case-made was valid; and the first and third relate to the action of the court in overruling the demurrer and permitting the petition to be amended. The first is briefed, but the third is abandoned by counsel, because not presented in their brief. All of the other assignments go to the rulings upon the trial, which cannot be considered upon transcript, unless it be the sixteenth and seventeenth, which are as follows:

"(16) That said court erred in rendering judgment for the plaintiff school district No. 37, and against this plaintiff in error, Commerce Trust Company, to which action of the court this plaintiff in error at the time duly excepted.

"(17) That said court erred in refusing and failing to render judgment in favor of this plaintiff in error, to which action of the court this plaintiff in error at the time duly excepted."

These assignments are not discussed in the brief, unless it be under the following assignments, which are set out therein:

"Second. The judgment of the trial court is contrary to law.

"Third. The judgment of the trial court is not supported by the pleadings in the case, and is not justified by the allegations of the petition of the school district."

If these assignments, as set out in the brief, can be considered at all, they must be considered by virtue of assignments Nos. 16 and 17 in the petition in error, as errors not set out in the petition in error will not be considered by this court. *Yates v. First National Bank of Mill Creek,* 42 Okla. 95, 140 Pac. 1174.

In *Jones v. Lee,* 43 Okla. 257, 142 Pac. 996, the assignments of error therein are set out in the opinion of the court as follows:

"First. Said district court erred in rendering judgment in favor of defendant in error, and against plaintiff in error.

"Second. Said district court erred in not rendering judgment in favor of plaintiff in error, and against defendant in error, for costs."

Upon the motion to dismiss the cause, the motion was sustained, and Mr. Chief Justice Kane, in the opinion, says:

"The motion to dismiss must be sustained. The first, second, and sixth assignments of error are too general and indefinite to present any question for review to the Supreme Court, either upon a transcript of the record or a case-made, in that neither of them points out any specific error, nor directs the court's attention to any fact showing cause for reversal. *Turner v. First National Bank,* 40 Okla. 498, 139 Pac. 703."

The sixteenth and seventeenth assignments of error in this case are almost identical in language with those in the case of *Jones v. Lee, supra;* and, being insufficient to present any question for review, either upon transcript or case-made, same cannot be made the basis for other assignments that, had they been included in the petition in error, would properly present to this court questions for review.    The judgment of the court below is therefore affirmed.

All the Justices concur.