## LYNCH v. PONCA CITY.

No. 6214.   Opinion Filed May 2, 1916.

(157 Pac. 351.)

**APPEAL AND ERROR—Assignment of Error—Sufficiency.** Where the assignment of error is so indefinite and general as not to point out the errors complained of, and does not direct the court's attention to any facts showing cause for reversal, the Supreme Court will not consider the same.

(Syllabus by Rittenhouse, C.)

*Error from District Court, Kay County;*
*W. M. Bowles, Judge.*

Action by J. W. Lynch against the City of Ponca City. Judgment for defendant, and plaintiff brings error. Affirmed.

*Louthan & Burns,* for plaintiff in error.

*C. B. Harrold* and *W. B. Clark,* for defendant in error.

Opinion by RITTENHOUSE, C.   This cause was brought to restrain the city of Ponca City, Okla., from making certain street improvements.   A trial was had upon a stipulation, admitting the allegations of the petition, and resulted in a judgment for the city.   The petition in error contained the following alleged assignment of error:

"The said court erred in making an order denying plaintiff in error's application for a temporary restraining order."

There is nothing in this alleged assignment of error from which the court can ascertain wherein the trial court

committed error. It is too general and indefinite to present any question to this court for review. *Standard Stone Co. v. Greer et al.,* 52 Okla. 595, 153 Pac. 640; *Willet v. Johnson,* 13 Okla. 563, 76 Pac. 174; *Turner v. First Nat. Bank,* 40 Okla. 498, 139 Pac. 703; *Jones v. Lee,* 43 Okla. 257, 142 Pac. 996; *Johnson v. Johnson,* 43 Okla. 582, 143 Pac. 670.

The judgment of the trial court should be affirmed.

By the Court: It is so ordered.