### DICKSON v. McDUFFEE et al.

No. 8885—Opinion Filed April 10, 1917.

(164 Pac. 476.)

(Syllabus by the Court.)

1. **Appeal and Error—Record—Motions and Exceptions—Bill of Exceptions.**

Motions presented to the trial court, rulings thereon, and exceptions thereto are not properly a part of the record, and can only be preserved and presented for review on appeal by incorporating the same into the record by bill of exceptions or case-made.

2. **Same—Review—Dismissal.**

As the petition in error herein presents no question for the consideration of this court, except the action of the trial court in relation to certain motions which are not reviewable upon a transcript, unless brought into the record either by bill of exceptions or case-made, the motion to dismiss must be sustained.

Error from District Court, Alfalfa County; J. C. Robberts, Judge:

Proceeding between Sarah Dickson and H. P. McDuffee, administrator of the estate of G. J. McDuffee, deceased, and others. Judgment for the latter, and the former brings error. Motion to dismiss proceeding in error sustained.

J. P. Evans, for plaintiff in error.

W. Wilder, for defendants in error.

KANE, J. This proceeding in error was commenced by the plaintiff in error filing in this court a petition in error with a transcript of the record attached. The cause now comes on to be heard upon a motion of the defendants in error to dismiss the proceeding in error upon the following grounds:

"(1) Because the plaintiff in error failed to attach to her petition in error a case-made or a bill of exceptions preserving any of the motions or orders of the trial court excepted to that are not by statute made a part of the record.

"(2) Because said motions and orders of the trial court that are not a part of the record, unless made so by a bill of exceptions or case-made, have not been preserved. and are not a part of the record in this case.

"(3) Because the petition in error presents no question for the consideration of this court, independent of the motions and the rulings and orders and acts of the lower court, that have to be by law made a part of the record by a case-made or a bill of exceptions."

The motion to dismiss must be sustained. The grounds assigned for dismissal are substantially the same as those set out in the motion to dismiss in the case of Ludwig v. Benedict, 33 Okla. 300, 125 Pac. 739, wherein it was held:

"Rulings on instructions and exceptions thereto cannot be considered, unless the instructions are excepted to at the trial. the exceptions made to appear of record, and the objections pointed out to the trial court on motion for new trial."

In Tribal Development Co. v. White Bros., 28 Okla. 525, 114 Pac. 736, it was held:

"Motions presented to the trial court, rulings thereon, and exceptions thereto are not properly part of the record, and can only be preserved and presented for review on appeal by incorporating the same by bill of exceptions or case-made."

As the petition in error herein presents no question for the consideration of this court, except the action of the trial court in relation to certain motions, which are not reviewable upon a transcript, unless brought into the record either by bill of exceptions or case-made, the motion to dismiss must be sustained.

SHARP, C. J., and HARDY, TURNER, and THACKER. JJ. concur.