## LONDON et al. v. MERCHANTS' NAT. BANK et al.

No. 9303—Opinion Filed March 12, 1918.

(Syllabus.)

### Appeal and Error — Necessity of Bill of Exceptions — Motion.

A motion for leave to be made a party to an action and the ruling of the court thereon, not constituting a part of the record, cannot be reviewed on appeal, unless made a part of the record by case-made or bill of exceptions.

Error from District Court, Le Flore County; W. H. Brown, Judge.

Action by the Merchants' National Bank and others against John London and another. Judgment for plaintiffs, and defendants bring error and move to stay execution. Motion praying for stay of execution overruled.

London & London, Neal & Neal, and Bagwell & Ellerbee, for plaintiffs in error.

Oglesby, Cravens & Oglesby and McAdams & Haskell, for defendants in error.

KANE, J. This cause comes on to be heard upon the motion of the plaintiffs in error, wherein they pray for an order commanding the sheriff of Le Flore county to refrain from selling the land involved at foreclosure sale pending the determination of the question involved in the above-entitled proceeding in error.

It seems that the district court of Le Flore county rendered a certain judgment in favor of the Merchants' National Bank of Ft. Smith, Ark., and against Horace F. Rogers and Stella W. Rogers, for the sum of $11,587.71, together with interest, costs, and attorney's fees, and for the purpose of satisfying said judgment decreed the foreclosure of a mortgage on certain lands situated in said county, and on the same day overruled the motion of the plaintiffs in error herein to be made parties to said suit; that thereafter the plaintiffs in error herein lodged in this court their petition in error, with a transcript of the record and proceedings of the district court of Le Flore county, Okla., attached, for the purpose of reviewing the action of the trial court in overruling said motion to be made parties to said suit. Thereupon the motion now under consideration was filed as above stated.

The defendants in error appear for the purpose of resisting this motion, and say that the same ought to be overruled for the following reasons, to wit: (1) The Supreme Court is without jurisdiction of said proceedings in error for the reason that no notice of the appeal was given by the plaintiffs in error, as required by law; (2) the questions sought to be presented by plaintiffs in error, to wit, the action of the trial court in overruling their motion to be made parties to said cause is not reviewable by this court on a transcript of the record in the absence of a case-made or bill of exceptions. As the last of these grounds for denying the relief prayed for seems to us to be well taken, we do not deem it necessary to notice the other two. It has been the rule in this jurisdiction from a very early date that motions and the rulings thereon cannot be reviewed upon a transcript of the record; the reason assigned therefor being that such motions, without a bill of exceptions or case-made, do not constitute a part of the record below and therefore cannot be brought to the Supreme Court by transcript. McMechan v. Christy, 3 Okla. 301, 41 Pac. 382. Applications of this rule to many different sorts of motions may be found illustrated in the following cases: Stonebraker-Zea Cattle Co. v. Hilton, 34 Okla. 225, 124 Pac. 1062; Singleton v. Kennamer, 27 Okla. 564, 112 Pac. 1026; Masoner v. Bell, 20 Okla. 618, 95 Pac. 239, 18 L. R. A. (N. S.) 166; Lamb v. Young, 24 Okla. 614, 104 Pac. 335.

Although this seems to be the first case in which we have been called upon to determine whether a motion for leave to be made a party to an action and the ruling thereon can be reviewed without case-made or bill of exceptions, it seems to us that the cases cited are in point in principle. The precise question has arisen in several other jurisdictions whose courts hold with practical unanimity that even where the parties seeking to intervene have gone so far as to file pleadings without obtaining leave of court to intervene, the pleadings so filed by them constitute no part of the record, unless made so by bill of exchange. Carpenter v. Bell. 25 S. W. 109, 15 Ky. Law Rep. 649; United States Fid. & Guar. Co. v. Rainey, 120 Tenn. 357, 113 S. W. 397; Shaeffer v. Central of Georgia Ry. Co., 6 Ga. App. 282, 64 S. E. 1107.

For the reason stated, the motion praying for stay of execution must be overruled. It is so ordered.

All the Justices concur.