## UPPERMAN et al. v. COON.

No. 9195—Opinion Filed June 11, 1918.

(173 Pac. 522.)

(Syllabus.)

### Appeal and Error—Record—Motions in Trial Court.

Motions presented to the trial court, the rulings thereon, and exceptions thereto, are not a part of the record proper and can only be preserved and presented for review on appeal to this court by incorporating the same by bill of exceptions or case-made.

Error from County Court, Okfuskee County; W. A. Huser, Judge.

Action between A. Upperman and others and Topley Coon. Judgment for the latter, and the former bring error. Motion to dismiss proceeding in error sustained.

Johnson & Nolen, for plaintiffs in error.

Rowe & Phillips, for defendant in error.

HARDY, J. Defendant in error filed motion to dismiss this proceeding for the reason that plaintiffs in error have not preserved by bill of exceptions or case-made the rulings of the court complained of and which it is sought to reverse by this appeal. The errors alleged are: That the county court erred in sustaining a motion to dismiss the appeal to that court from a judgment rendered by the justice of the peace; and second, that said court erred in not granting the motion of plaintiffs in error to correct their appeal in said cause.

The motion to dismiss must be sustained. It is a well-settled rule that motions presented to the trial court and the rulings thereon and exceptions thereto are not a part of the record proper and can only be preserved and presented for review on appeal by incorporating the same by bill of exceptions or case-made. Dickson v. Mc-Duffee et al., 63 Okla. 218, 164 Pac. 476.

In Singleton v. Kennamer, 27 Okla. 564, 112 Pac. 1026, the same situation was presented. In that case it was said:

"This proceeding in error was commenced for the purpose of reviewing an order of the district court of Tulsa county dismissing an appeal from the justice of the peace court of said county. The only error complained of is that the court erred in dismissing the appeal of the plaintiff in error, and remanding said action to the justice of peace by whom the judgment appealed from was rendered. It is sought to present this alleged error by a transcript of the record. This cannot be done." Black v. Kuhn, 6 Okla. 87, 50 Pac. 80; McMechan v. Christy, Okla. 301, 41 Pac. 382.

The ruling of the court upon the motions not having been brought on the record by a bill of exceptions or case-made, and the two errors set out being the only ones assigned, there is nothing presented which we can consider upon the transcript of the record, and the proceeding is therefore dismissed.

All the Justices concur.