RODGERS, Adm'x, v. OKLAHOMA WHEAT POOL TERMINAL CORPORATION.

*96 P. 2d 1040.*

No. 29003.   Oct. 31, 1939.

Rehearing Denied Dec. 12, 1939.

of the Oklahoma Wheat Pool Corporation occurring on July 11, 1932.

This is the second appeal in this cause. The first trial resulted in a verdict in favor of plaintiff. On appeal this judgment was reversed in this court, Oklahoma Wheat Pool Terminal Corporation v. Rodgers, Adm'x, 180 Okla. 623, 70 P. 2d 1080, because of two inconsistent causes of action and because an expert witness was permitted to testify as to his conclusions. After the reversal an amended petition was filed and the second trial occurred in May, 1938, and the verdict resulted in favor of defendant.

The facts, briefly, are that John Henry Rodgers was an employee of the Oklahoma Wheat Pool Terminal Corporation on July 11, 1932, at the time of his death. That defendant owns and operates a terminal elevator for storage and handling wheat and other grains. That this elevator is more than 100 feet high and that to transport the employees from the ground floor to the various upper floors a lift is used. This lift is a belt about 24 inches wide operating from the basement of the building to the upper floors and steps are placed on this belt at intervals of about 30 feet for the purpose of affording a standing place. The steps on the belt are about 14 x 20 inches in size and extend out about 14 inches from the belt. A hand hold is attached to the belt about 6 feet from each step. Mr. Rodgers went to work on July 11, 1932, and stepped on this lift and started to ride to the upper floor. That when he had been elevated about 85 feet he fell, causing his instant death.

Otjen & Carter, of Enid, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, of Enid, for defendant in error.

WELCH, V. C. J. This is an action brought by Marcella Rodgers, as administratrix of the estate of John Henry Rodgers, her deceased husband, and arises by reason of the death of John Henry Rodgers in a fall in the elevator

The plaintiff brings this appeal complaining of numerous errors by the trial court. The contentions of the plaintiff will be considered in the order they appear in plaintiff's brief.

The first contention presented by plaintiff is that the trial court erred in refusing to permit the jury to inspect the lift or elevator. In her argument she cites a number of authorities to support her contention, but only one Oklahoma

authority, which is Phillips Petroleum Co. v. Malone, 179 Okla. 449, 66 P. 2d 5; this case holds in paragraph 1 of the syllabus as follows:

"A view by the jury of property, the subject of the action, is discretionary with the trial court, and his ruling thereon will not be reversed on appeal in the absence of a showing of abuse of discretion."

This seems to be the rule laid down by our court. See, also, City of Norman v. Lewis, 180 Okla. 344, 69 P. 2d 377; Robinson Oil Corporation v. Davis, 171 Okla. 557, 43 P. 2d 754, and Ponca City v. Swayne, 174 Okla. 576, 50 P. 2d 1082.

It appears from the record that a number of years had elapsed between the date of decedent's death and the date of trial, and that there had been some changes made in the premises. The trial court could properly take these matters in consideration in ruling on the motion for jury view of the premises. The evidence, of course, related to the condition of premises at time of decedent's death. In our opinion there has been no showing of abuse of discretion on the part of the trial court, therefore we are of the opinion that the court did not commit error in refusing to permit the jury to view the scene of the accident.

The plaintiff further complains of improper cross-examination by defendant, permitted by the court, and states that same was injurious to plaintiff.

The well-established rule in this state is that the extent of cross-examination is largely in the discretion of the trial court, and, unless an abuse of that discretion is shown to the manifest injury of the complaining party, the case will not be reversed upon that ground. Devonian Oil Co. et al. v. Smith, 124 Okla. 71, 254 P. 14; Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P. 2d 534, and Town of Sentinel v. Riley, 171 Okla. 533, 43 P. 2d 742.

It is not convincingly pointed out where the trial court abused its discretion to the manifest injury of the plaintiff, and we fail to observe such in the record; therefore, we are of the opinion that no error here exists.

Plaintiff contends further that trial court committed error in sustaining an objection to an expert witness testifying that the distance from one floor to another in the elevator was dangerous. In the case of Federal Oil & Gas Co. v. Campbell, 65 Okla. 49, 183 P. 894, the court said in the second paragraph of the syllabus:

"As a general rule, a witness should not be allowed to give an opinion as to the existence of an ultimate fact, but this rule is subject to the exception that when the matter involves a question of science or peculiar skill to such a degree that when the facts in the case are presented in evidence it is impossible for a person of ordinary understanding and experience to draw a proper conclusion therefrom, then it is permissible for one skilled in that science or art to state his opinion to be drawn from the facts proven."

We are of the opinion that the testimony to show that the distance from one floor to another was a dangerous distance to fall, where the distance has already been shown in feet measurements, would not come under the exception to the rule established by this court as shown above. Therefore it is not reversible error for the trial court to sustain an objection to an expert witness testifying to his opinion when the matter involved is simple and a person of ordinary understanding and experience can draw a proper conclusion from the facts established.

The plaintiff also predicates error on the alleged admission of improper evidence. This relates to the portion of the testimony of a witness who was employed as a millwright for the Pillsbury Flour Mills Company, which operated a mill and elevator located in the same city, but not connected with the operation of the plant of the defendant. The witness was interrogated generally about inspections of the man lift at the Pillsbury plant preliminary to an offer to show by the witness that the man lift at the Pillsbury plant was approved by

the Labor Commissioner; however, after objection the witness was not permitted to testify that the Pillsbury lifts had been so approved.

Plaintiff also predicates error upon alleged irregularity in the proceedings. It is here pointed out that one of the jurors on voir dire examination, evidently misunderstanding a question as to whether he entertained any fixed opinion as to the safety of elevator man lifts, expressed his opinion of the safety of such a lift. It is further pointed out that this juror and another, although formerly employed in and about premises similar to the scene of this accident, expressed the belief that they could and would sit as fair jurors, and had to be removed by peremptory challenge of the plaintiff. It is also here pointed out that in the course of the trial the local daily newspapers carried some stories or news items as to the verdict and judgment of the former trial and the reversal thereof by this court. It is here suggested that these matters prevented plaintiff from having a fair trial. Our attention is not directed to any authorities supporting this contention, and a careful consideration of these items compels the conclusion that we would not be warranted in saying that they had any serious effect whatever upon the trial. We would be wholly unjustified in saying that they prevented plaintiff from having a fair trial.

Plaintiff also predicates error upon refusal to give two requested instructions and upon the giving of two instructions over objections. The instructions given do not appear unfair or improper. Nor does there appear any error in the refusal to give the requested instructions, in view of all of the instructions which were given and which fairly submitted the issues to the jury.

No authorities are submitted supporting the last three specifications of error above noticed. There is nothing to affirmatively indicate or make it apparent that they are well taken, and therefore they s h o u l d not be considered and treated at great length under the author-ity of Witt v. Westheimer, 182 Okla. 645, 79 P. 2d 250, and Satterwhite v. Magnolia Petroleum Co. et al., 175 Okla. 35, 51 P. 2d 959.

Finding no reversible error, the judgment of the trial court is affirmed.

BAYLESS, C. J., and CORN, HURST, and DAVISON, JJ., concur.