STEVENSON v. WESCOTT.

No. 29436. April 30, 1940.

*102 P. 2d 172.*

C. W. Van Eaton, of Oklahoma City, for plaintiff in error.

Clay M. Roper, of Oklahoma City, for defendant in error.

OSBORN, J. This action was instituted in the court of common pleas of Oklahoma county by M. E. Wescott, hereinafter referred to as plaintiff, against H. B. Stevenson, hereinafter referred to as defendant, upon a supersedeas bond. Judgment for plaintiff, and defendant appeals.

It appears that defendant interposed a general demurrer to plaintiff's petition, which was overruled and plaintiff granted permission to amend by interlineation instanter. After five days defendant answered by way of general denial, and plaintiff replied by general denial some five weeks later, at which time the cause was heard on its merits.

It is defendant's contention that his demurrer to the petition prior to its amendment should have been sustained, and that the court erred in overruling same and in permitting plaintiff to amend by inserting an allegation that the judgment superseded had not been paid.

There is no indication in the record that the phrase in question was inserted in the petition by amendment. Assuming, however, that this was the case, defendant has waived any error committed by the trial court in overruling his demurrer for the reason that he answered the amended petition curing the alleged defect, and went to trial without objection in this regard. See Commerce Trust Co. v. School Dist. No. 37, Pontotoc County, 47 Okla. 111, 147 P. 303.

Defendant's remaining proposition is based upon the theory that a supersedeas bond is a chose in action within the meaning of section 12368, O. S. 1931, 68 Okla. St. Ann. § 516, and was improperly admitted in evidence because the chose in action tax prescribed by said section had not been paid.

Section 12363, O. S. 1931, 68 Okla. St. Ann. § 511, provides for the payment of a tax of 2 per centum of the face amount thereof for five years upon any bond, note of any duration of over eight months, or other choses in action evidenced in writing, to the county treasurer of the county in which the owner resides.

Section 12368, O. S. 1931, 68 Okla. St. Ann. § 516, provides that no bond, note or other chose in action covered by said section 12363, O. S. 1931, 68 Okla. St. Ann. § 511, which has not been registered with the county treasurer as provided in the act, shall be admitted in evidence in any of the courts of the state.

Section 543, O. S. 1931, 13 Okla. St. Ann. § 968, is, in part, as follows:

"No proceeding to reverse, vacate or modify any judgment or final order rendered in the county, superior or district court, * * * shall operate to stay execution, unless the clerk of the court in which the record of such judgment or final order shall be, shall take a written undertaking, to be executed on the part of the plaintiff in error, to the adverse party, with one or more sufficient sureties, as follows:

"First. When the judgment or final order sought to be reversed directs the payment of money, the written undertaking shall be in double the amount of the judgment or order, to the effect that the plaintiff in error will pay the condemnation money and costs, in case the judgment or final order shall be affirmed, in whole or in part. * * *"

Section 337, O. S. 1931, 12 Okla. St. Ann. § 502, is as follows:

"The books and records required by law to be kept by any county judge, county clerk, county treasurer, register of deeds, clerk of the district court, justice of the peace, police judge or other public officers, may be received in evidence in any court. * * *"

It will be seen that filing of a supersedeas bond with the "clerk of the court in which the record of such judgment or final order shall be" operates to stay execution until final disposition of the appeal. The bond is filed with the court clerk and constitutes a part of the record in the case, and as such may be received in evidence under the provisions of section 337, supra. That section 12363, O. S. 1931, 68 Okla. St. Ann. § 511, does not apply to such a bond seems clear. It is not a bond owned by a party to the litigation, but is in itself a part of the court records in such litigation, over which is exercised such control that this court, under proper circumstances, may affirm a judgment from which appeal was had and render judgment upon the supersedeas bond filed in said cause. See Hill v. Lambert, 166 Okla. 146, 28 P. 2d 541.

It follows, therefore, that section 12368, supra, does not apply to a supersedeas bond, and that such bond may be introduced in evidence without the payment of the chose in action tax provided in section 12363, supra.

The judgment of the trial court is affirmed.

BAYLESS, C. J., WELCH, V. C. J., and GIBSON and DAVISON, JJ., concur.