## LAWSON v. STEMMONS.

No. 32970.   Oct. 28, 1947.

*185 P. 2d 940.*

W. O. Moffett, of Tulsa, for plaintiff in error.

S. J. Clendinning, of Tulsa, for defendant in error.

ARNOLD, J.   Plaintiff sued defendant for triple damages by reason of an alleged violation of the ceiling price fixed by O.P.A. on the sale of a used car.

Plaintiff testified that he wished to buy a used car and visited the used car lot of defendant in the city of Tulsa, where he examined and drove a 1941 two-door Plymouth sedan; that no trade was made at that time; that defendant priced said car to him at $1,290; that the next day plaintiff again visited defendant's place of business and again examined and drove the car in question; that at that time defendant agreed to reduce the price to $1,200; that after the price of the car was reduced to $1,200 plaintiff agreed to buy the car and went to the bank to cash a check; that he withdrew $1,200 in $100 bills from the bank and returned to defendant's place of business; that he and defendant then drove to the office of a notary where the title certificate of the car was assigned and the assignment acknowledged; that on the way to the office of the notary public he delivered to defendant $1,200 as agreed; that the ceiling price as fixed by O.P.A. for the car so purchased was $815.22.

The defendant testified that the plaintiff paid him only $815.22 and introduced in evidence as exhibit the O.P.A. form which had been filled out and signed by both plaintiff and defendant evidencing the sale and purchase of the automobile for the sum of $815.22.

The court submitted to the jury the question of whether or not the defendant sold the car to the plaintiff for more than $815.   No complaint is made by plaintiff as to the instructions of the court to the jury.

From the foregoing statement as to the state of the evidence, it is apparent that there was a direct conflict in the testimony of plaintiff and defendant as to the price paid for the car.   The jury found this issue in favor of the defendant and the evidence reasonably sustains this finding.   Under the well established and uniform rule in this state, the verdict of the jury upon an issue of fact properly submitted to it will not be disturbed on appeal if there is any evidence which reasonably sustains it.

Plaintiff also alleges error of the trial court in permitting defendant on cross-examination of plaintiff to ask him the nature of his business and upon direct examination of the defendant in permitting him to testify that prior to en-

tering the used car business he was in the armed services of the United States overseas. Plaintiff insists that by permitting these two items of evidence to go to the jury he was denied a fair trial and the jury was prejudicially influenced thereby in favor of the defendant. The questions and answers on cross - examination of plaintiff, upon which this contention is based, are as follows:

"Q. All right, sir, what is your business? A. I am a constable. Q. How long have you been a constable? (Objection interposed, overruled.) Q. How long have you been a constable? A. Five or six years, I don't know just how long."

The questions and answers on direct examination of defendant, which are thus alleged to have been prejudicial to plaintiff, are:

"Q. All right, sir, how long have you been engaged in this used car business? A. Approximately six months. Q. What were you doing prior to that time? A. I was in the army in Europe. Q. You were in the army in Europe. A. Yes, sir."

We think there was no error in the admission of this testimony either on cross-examination of the plaintiff or the direct examination of the defendant. The jury was entitled to know the background of the parties to this litigation as one's business is sometimes a material fact in considering the credibility of his testimony. Few cases are presented to a jury where no inquiry is made as to the business or occupation of the parties.

Judgment affirmed.