Harvey LYDAY, Plaintiff in Error,

v.

W. J. HOLLOWAY, Defendant in Error.

No. 37815.

Supreme Court of Oklahoma.

March 25, 1958.

Rehearing Denied May 13, 1958.

Quinn Dickason, Tulsa, for plaintiff in error.

Sanders & McElroy, Tulsa, for defendant in error.

CORN, Vice Chief Justice.

On July 16, 1954 Harvey Lyday, plaintiff in error, was riding in the back of a pick-up truck driven by W. J. Holloway, defendant in error, when it collided with an automobile, driven by one Joe Dumas, in and near the intersection of Archer and East Lansing streets in the city of Tulsa, Oklahoma. Thereafter, as plaintiff he brought this action against W. J. Holloway, as defendant, for personal injuries allegedly sustained in said accident by reason of defendant's alleged negligence. The jury returned a verdict for the defendant and judgment was rendered thereon. In due time plaintiff perfected an appeal to this court.

The plaintiff first contends that the trial court abused its discretion in permitting the cross examination of the plaintiff as to matters not covered in the direct examination. It is his position that the cross examination as to his testimony of having been discharged from the army, should have been limited to time and place of discharge; that anything in regard to the kind of and reason for his discharge was too remote and improper cross examination and could have been gone into for but one reason, and that was to prejudice plaintiff's case.

■■ This court has, without exception, held that the extent of cross examination is largely in the sound discretion of the trial court and unless there is an abuse of such discretion to the manifest injury of the complaining party, the case will not be reversed on that ground. Rodgers v. Oklahoma Wheat Pool Terminal Corp., 186 Okl.

171, 96 P.2d 1040. Of course such cross examination is proper only as to those matters brought out on direct examination together with any question which reasonably tends to explain, contradict or discredit such testimony. Key v. British American Oil Producing Co., 196 Okl. 663, 167 P.2d 657; Wilson v. Shawnee Milling Co., Okl., 292 P.2d 147; Town of Sentinel v. Riley, 171 Okl. 533, 43 P.2d 742; Guess v. Miner, 130 Okl. 93, 265 P. 633.

■ The record discloses that on direct examination the plaintiff testified that he had been discharged from the army. No objection was made or raised as to the propriety of this evidence. His army discharge having been brought out on direct examination, he was cross examined by the defendant in regard thereto at length. Yet the probative value of the suggestion on cross examination that his use of drugs was the reason for his discharge, and whether it was of assistance in determining the credibility of his testimony is subject to question. From the facts disclosed in the record it is evident that the trial court erred in permitting the cross examination to go that far. However, in view of our conclusion as to the evidence in this case, hereinafter set forth, even though the extent to which the defendant was permitted to go in the cross examination in this regard was error, the plaintiff suffered no manifest injury by reason thereof and therefore there was no abuse of discretion which would necessitate the reversal of the case upon that ground.

■■ The plaintiff next takes the position that since the defendant admitted the running of the stop line, the trial court should have directed a verdict in his favor. With this contention we cannot agree. In addition thereto there was evidence tending to show that there was only a minor accident; that the plaintiff received no injury; that his physical condition could not have resulted therefrom; that the running of the stop line was not the proximate cause of his physical condition. After submission of the case to the jury under instructions to which no objections were made and which

are unquestioned here, it unanimously found all issues for the defendant. There is competent evidence reasonably tending to sustain the verdict, although conflicting in some respects. This being true this court will not disturb the judgment rendered upon such verdict. Lawson v. Stemmons, 199 Okl. 335, 185 P.2d 940.

Judgment affirmed.

WELCH, C. J., and DAVISON, JOHNSON, JACKSON and CARLILE, JJ., concur.

HALLEY and WILLIAMS, JJ., dissent.