Rodger WILLIS, Plaintiff in Error,

v.

M. L. (Bud) DAVIS, Defendant in Error.
No. 37947.

Supreme Court of Oklahoma.

Dec. 9, 1958.

Tolbert & Gillespie, Hobart, for plaintiff in error.

Clayton Carder, of Carder & Carder, Hobart, for defendant in error.

CORN, Vice Chief Justice.

M. L. (Bud) Davis acquired leases for grazing and cultivation on two quarter sections of land located in Kiowa County, Oklahoma for the term ending December 31, 1955.

Among other things the leases in question provided:

"Surrender clause permitting seeding of fall crops: It is understood and agreed that the lessee will surrender to the lessor or any succeeding lessee, without cost, the stubble land to be seeded to small grain, winter legumes, sweet clover or alfalfa, immediately after the grain is harvested, when the lease expires at the close of the calendar year. (Stubble land shall include all land from which a small grain or legume crop was harvested the current year.) Only stubble land will be considered suitable for small grain, winter legume, sweet clover or alfalfa. Sorghums are not a small grain crop. Harvesting is considered to include harvesting by pasturing as well as by conventional harvesting methods, and possession will be given in any event not later than five months before the lease expires."

A portion of each tract was cultivated and a portion used as pasture. There were no cross fences. Davis planted approximately 20 acres in one tract in Sudan grass and pastured it.

Rodger Willis acquired leases on both of said tracts for the year 1956. By virtue of the terms of the leases he was entitled to the stubble land on each tract August 1, 1955. Shortly after harvest Willis went on each tract and prepared the stubble portion thereof for planting.

On October 11, 1955 he notified Davis to remove his cattle from the cultivated land on each tract where he was sowing wheat. Willis sowed 54 acres to wheat and 20 acres to millet on one tract. On the other tract he sowed 56 acres to wheat and 25 acres to millet.

Davis did not remove his cattle. Neither did he fence off the cultivated land.

Willis brought this action against Davis for damages to his crops alleging that Davis permitted his cattle to run at large and trespass upon the land legally in possession of Willis. His first cause of action is for damages to the 54 acres of wheat and 20 acres of millet. His second cause of action is for damages to the 56 acres of wheat and 25 acres of millet. He prayed for a total damage in the amount of $2,474.92.

Davis answered by way of general denial. He then alleged that it was his right to use the pasture land on both tracts, and that it was the duty of Willis to erect a fence to keep the cattle from the growing crops.

The evidence is conclusive that defendant's cattle were permitted to run upon both tracts and that they were on the areas planted to wheat and millet by the plaintiff. There is a sharp conflict as to whether such crops were damaged thereby or whether they were damaged by the drouth.

The trial resulted in a jury verdict in favor of the defendant. Plaintiff appeals.

Plaintiff contends that the verdict was contrary to law and in disregard to the court's instructions, since under the instructions it was not possible under the evidence for the jury not to render a verdict for the plaintiff in some amount, if only for nominal damages.

This is predicated upon the fact that the evidence discloses, and the defendant admits that his cattle were permitted to run on both tracts without regard to the cultivated portion; that since there was an admitted trespass under ' the instructions the jury was required to find for the plaintiff in some amount; and that even though the defendant had the right to use the pasture until December 31, 1955, by the terms of the lease, he had the right to stubble land for the purpose of planting wheat to be harvested the following year which required the defendant to fence his cattle away therefrom to prevent damage thereto.

■ This court is committed to the rule that where lands held in severalty are within a common fenced enclosure devoted to cultivation of agricultural crops and to pasture, an occupant of the portion thereof devoted to pasture must prevent his live stock from trespassing upon the crops of the other occupant. Blasdel v. Finks, 42 Okl. 91, 140 P. 1178.

The case at bar was submitted to the jury under the instruction that if it found and believed from a fair preponderance of the evidence that the plaintiff sustained any damage to his wheat and millet by reason of defendant's cattle grazing or tromping on the same it was its duty under the law to find for the plaintiff and assess the actual damage sustained. However, if it found that plaintiff's wheat and millet were not damaged by defendant's cattle, or should it find the damage, if any, to be the result of the drouth or any other adverse weather condition or any other cause whatsoever, that the defendant was not responsible for, then its verdict should be for the defendant.

■ Both parties held land in severalty. The plaintiff had the right under the lease to possession of the stubble land to prepare the land and plant the seed, the crops to be harvested the next year. The defendant, under the lease, had possession of and the right to use the balance of the land until December 31, 1955. Under the rule hereinbefore stated, however, it was his duty to prevent his cattle from trespassing on plaintiff's portion thereof.

The effect of the jury's determination was that even though the defendant's cattle were upon the plaintiff's portion, the crops thereon suffered no damage by reason thereof.

The evidence in behalf of the plaintiff was that the cattle trampled and pulled up the wheat by its roots; that by reason thereof the wheat yield therefrom was cut in half on one tract, and 4 or 5 bushels to the acre on the other; that the millet on both tracts was completely destroyed; that even though it did not rain much after the planting, there was good sub-surface moisture.

The defendant's evidence was that there was no sub-surface moisture; that after the planting the rain was insufficient to make a crop; that the stand was poor; that the crop harvested, under the conditions prevailing, was average.

The jury determined the issue in favor of the defendant. The evidence is sufficient to sustain its verdict.

■ The plaintiff takes the position that since the defendant admits that his cattle were on the cultivated land, the jury was required to return a verdict, even in a nominal amount, for him.

It must be noted, however, that the case was tried upon the theory that the plaintiff was entitled to substantial damages by reason of the destruction of crops alleged to have resulted from the admitted trespass thereon by defendant's cattle. Plaintiff's suggested instructions, No. 3 and 4, were directed thereto. The trial court's instruction No. 4, in effect, was predicated thereon. Although plaintiff excepted to in-

struction No. 4, he made no request for an instruction upon an issue of nominal damages. There is nothing in the record to indicate that an issue in regard to nominal damages was presented at the trial.

 We are committed to the rule that when one party deems an instruction as to the measure of damages inadequate, he must call the court's attention thereto and must then submit a requested instruction upon such phase of the case. In the absence of such request the failure to instruct on nominal damages 'is not error, where the instructions considered as a whole were applicable to the issues and evidence. Satterwhite v. Magnolia Petroleum Co., 175 Okl. 35, 51 P.2d 959; Bunch v. Perkins, 198 Okl. 517, 180 P.2d 664; Carver v. Knutson Elevators, Okl., 285 P.2d 391. Under the record here this court will not reverse the cause for failure of the court to instruct on, and the jury to award, nominal damages.

Plaintiff submits that the court erred in not sustaining his motion for a new trial to which was attached an affidavit of plaintiff in which it is alleged that one of the jurors had stated on voir dire that she knew nothing of the facts involved in the case, but had stated to the other jurors, while they were deliberating, that she saw plaintiff's wheat and millet in the growing stage and such crops had not been damaged by the cattle, but by dry weather, and that such statement influenced the jury in returning the verdict for the defendant.

The rule is well established in this jurisdiction that jurors will not be heard by affidavit, deposition, or other sworn statements to impeach or explain their verdict, or show on what grounds it was rendered. Herber v. Snee, Okl., 294 P.2d 814; Dillard v. Star Drilling Mach. Co., 180 Okl. 14, 66 P.2d 928; Glockner v. Jacobs, 40 Okl. 641, 140 P. 142. We find no error in the refusal of the trial court to grant a new trial on the matter involved in the affidavit.

Judgment affirmed.

DAVISON, JOHNSON, WILLIAMS, BLACKBIRD, JACKSON and CARLILE, JJ., concur.

WELCH, C. J., concurs in result.

HALLEY, J., dissents.