## GUESS v. MINER.

No. 17952. Opinion Filed March 20, 1928.

(Syllabus.)

**1. Witnesses—Scope of Cross-Examination.**

A party has no right to cross-examine any witness except as to facts and circumstances connected with the matters stated in his direct examination; if he wishes to examine him on other matters, he must do so by making the witness his own, and calling him as such, in the subsequent progress of the cause.

**2. Contracts—Oral Negotiations and Representations Superseded by Written Contract.**

Where parties reduce their contract to writing, all oral negotiations, statements, representations, and inducements leading up to the execution thereof are merged therein, and the rights of the parties must be determined and measured by the terms of the written instrument itself. Kinnard-Haynes v. Dillingham, 73 Okla. 129, 175 Pac. 208.

**3. Frauds, Statute Of—Lease of Real Estate for Longer than One Year—Necessity for Written Authority to Agent Making Lease.**

Under subdivision 5, section 5034, C. O. S. 1921, an agreement for the leasing of real estate for a period longer than one year is invalid unless the same or some memorandum thereof be in writing; also under said section such contract is invalid when made by an agent of the party sought to be charged unless the authority of the agent be in writing and subscribed by the party sought to be charged.

Error from County Court, Comanche County; P. G. Fullerton, Judge.

Action by John M. Miner against L. M. Guess for possession of real estate. Judgment for plaintiff, and defendant appeals. Affirmed.

Reinwand & Crosby and Stevens & Cline, for plaintiff in error.

John Manning and J. A. Diffendaffer, for defendant in error.

PHELPS, J. John M. Miner, defendant in error here, was the owner of a farm in Comanche county, Okla., which he rented to Mrs. N. G. Connelly for the year 1925 for a cash rental. Mrs. Connelly, under written contract, sublet it for crop rentals to L. M. Guess, plaintiff in error. At the close of the year 1925, Mr. Guess refused to vacate the premises and unlawful detainer suit was instituted by John M. Miner, the owner, defendant in error here, in the justice court of Comanche county for possession of the premises. From the judgment of the justice court, appeal was taken to the county court. When the cause was tried, a demurrer was sustained to the evidence of defendant and the jury directed to return a verdict in favor of the plaintiff, and from the judgment of the county court awarding possession of the farm to Mr. Miner, plaintiff in error prosecutes this appeal.

In their briefs, counsel for plaintiff in error, for reversal, urge two propositions, the first of which is that the trial court erred in refusing to admit certain testimony. Mrs. Connelly took the witness stand and testified to the execution of, and identified the written contract by the terms of which plaintiff in error leased the premises for the year 1925. It was the contention of plaintiff in error that he had verbally rented the premises from W. L. Connelly, husband of Mrs. N. G. Connelly, who, plaintiff in error claimed, acted as the agent for defendant in error, the owner of the premises, and that such verbal lease was for both the years 1925 and 1926, and counsel for plaintiff in error sought to cross-examine Mrs. Connelly about matters concerning which she gave no testimony whatever on direct examination. The trial court sustained objection to such cross-examination with the observation that if the information sought to be elicited were desired, it would be necessary for defendant to make Mrs. Connelly his witness.

The only authority cited in support of this assignment of error is 28 R. C. L. 600, from which they quote the following:

"When a witness has been examined in chief, the other party has the right to cross-examine for the purpose of ascertaining and exhibiting the situation of the witness with respect to the parties and to the subject of the litigation, his interest, his motive, his inclinations, his prejudices, his means of obtaining a correct and certain knowledge of the facts to which he has borne testimony, the manner in which he has used those means, his powers of discernment, memory and disposition."

This quotation unquestionably states the correct rule. However, when the trial court sustained the objection complained of, counsel dictated into the record what they proposed to show by the cross-examination of this witness and what they dictated into the record is so foreign to the matters testified to in chief by the witness that it could not be denominated "cross-examination," and the trial court properly sustained the objection thereto. If the facts sought to be elicited were true, we see nothing in the record that would have precluded plaintiff in error from accepting the suggestion of the trial court and using this witness as his own witness to prove these facts in support of his defense. Philadelphia & Trenton Ry. Co. v. Stimpson, 39 U. S. 448, 10 L. Ed. 535; Smith v. M., K. & T. Ry. Co., 76 Okla. 303, 185 Pac. 70, and authorities there cited.

It is next contended by counsel for plaintiff in error that the court erred in sustaining the demurrer to defendant's evidence and directing a verdict for plaintiff; while it is contended by counsel for defendant in error that whether W. L. Connelly was agent for the owner of the land or agent for his wife, N. G. Connelly, that whatever the oral negotiations between the parties may have been, they were merged into and superseded by the written contract with Mrs. N. G. Connelly, by the terms of which Mr. Guess rented the premises for the year 1925 only, and that parol testimony could not be introduced to vary the terms of such written contract.

Section 5035, C. O. S. 1921, provides:

"The execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument."

This principle of law is so elementary and has been so thoroughly imbedded into and has become such a fundamental part of our system of jurisprudence that the citation of authorities in support thereof is unnecessary.

In Rock v. Fisher, 115 Okla. 53, 241 Pac.

496, in the third paragraph of the syllabus, this court said:

"The execution of a contract in writing, whether the law requires it to be in writing or not, supersedes all the oral negotiations or stipulations concerning its matter, which preceded or accompanied the execution of the instrument, and in the absence of accident, fraud, or mistake of fact, representations made prior to or contemporaneous with the execution of a written contract are inadmissible to alter, vary, change, or add to the terms of such written contract."

In the instant case plaintiff in error sought to show a state of facts and representations made by W. L. Connelly by which fraud in procuring the written contract might be inferred, but, as we view it, he did nothing further than probably show deception on the part of Mr. Connelly, but not such a state of facts as would relieve plaintiff in error from the terms of the written contract entered into.

In addition to showing that the lease contract was in writing, the trial court seems to have adopted the view that the alleged verbal lease contract was invalid under the statute of frauds for the reason that if such contract had been entered into, it was for a longer period than one year, and for the further reason that if W. L. Connelly acted as agent for the owner of the farm in making such contract, his acts would be invalid for the reason that there was no showing that he had written authority to act for his principal.

Under section 5034, C. O. S. 1921, among the contracts declared invalid are:

"Fifth. An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein; and such agreement, if made by an agent of the party sought to be charged, is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

The only written authority claimed by plaintiff in error to have been given by the owner of the land was that wherein the proof showed that Mr. Miner, the owner of the land, who resided in a distant state, wrote a letter to a Mr. Bowman, a former tenant on this farm, stating that he, Miner, had turned over the renting of the premises to W. L. Connelly. We cannot possibly construe this evidence as being sufficient authority in writing to remove the contract from the operation of the statute of frauds.

It is argued by counsel for plaintiff in error that a state of facts has been shown which removes the alleged verbal contract,

for the rental of this real estate for a period longer than one year, from the provision of the statute of frauds, but from a careful examination of this record we cannot agree with this view. Counsel cite a number of authorities holding that, under a certain state of facts, such contracts may be removed from the operation of the statute of frauds. The correctness of this position cannot be denied, but the facts, as reflected by the record herein, fail to show that the instant case comes within that rule, and the trial court properly sustained the demurrer and directed a verdict for the plaintiff.

The judgment is therefore affirmed.

MASON, V. C. J., and LESTER, HUNT, CLARK, RILEY, and HEFNER, JJ., concur.