**DAWSON et al. v. COBB et al.**

No. 24235.    March 5, 1935.

Rehearing Denied March 26, 1935.

Darnell & LaRue, for plaintiffs in error.

Walter S. Mills and A. J. Welch, for defendants in error.

PER CURIAM. The parties will be referred to as same appeared in the trial court. The plaintiffs sued on a promissory note in the amount of $1,000, executed by the defendants to the plaintiffs on July 7, 1930, due November 7, 1930, and bearing interest at 10 per cent. per annum from September 1, 1930. The defendants in answering admitted the execution of the note, and as a defense against its payment alleged, in substance, that the said note was executed as a part of the consideration to be paid by the defendant Cecil C. Cobb for a tract of Roger Mills county land, and that at the time of the execution of the note it was agreed that the same was to be placed in escrow and not to be delivered to the plaintiffs or to become payable until there was conveyed to the defendant a merchantable title to the said land, and that the plaintiffs and another agreed to deliver such merchantable title on or before September 1, 1930. That at the said time the defendant Cecil C. Cobb was dealing in oil leases and royalties on lands in the locality where the said land was located and that the same was known to the parties to have some present oil value and that it was understood that the defendant Cecil C. Cobb desired title to the said land for the principal purpose of dealing with same in oil leases and royalties, and that it was agreed and understood between the parties that time in the delivery of the said merchantable title to the said land was of the essence of the contract of purchase and that on that account it was agreed that said merchantable title should be promptly conveyed to the defendant.

The answer further alleged that on that account it was orally agreed between the parties that a merchantable title would be delivered to the said Cobb on or before the 1st of September, 1930, or all papers and the note in suit would be returned to the persons who executed same, and for that reason said note in this action was made to bear interest from said date, September 1, 1930, although executed on July 7, 1930, and that when said note was signed it was the understanding that it should be held in escrow with the other papers, and should be returned to the defendants in the event Finkenbinder should fail to deliver title according to said agreement. That said note was made payable to Dawson and Rowland, the plaintiffs, instead of Finkenbinder, the holder of the title to the Roger Mills county land, or Garland, who had contracted to purchase said land from Finkenbinder, because said plaintiffs were then trading some Custer county land to said Garland for said lands in Roger Mills county, and the note in suit as part consideration for said land represents the profits to the plaintiffs in their said sale to Garland, and said Cobb's negotiations for the purpose of purchasing said Roger Mills county land were directly with Dawson and Rowland, and it was agreed that a deed to said land direct from Finkenbinder to Cobb would be used for convenience. The defendants further state that Finkenbinder and the plaintiffs did not furnish title to said land according to said agreement; that the title to said land was not merchantable and the defendant reported the objections to and defects in said title to the said Dawson and plaintiffs about July 30, 1930, and that Finkenbinder and plaintiffs have failed, within the time allowed by said agreement, to deliver merchantable title, or to do so within a reasonable time thereafter, which the defendants voluntarily allowed them. and the defendants have been prevented thereby, and excused from further performance; that the plaintiffs violated the escrow agreement and illegally procured possession of said note. That the defendants have demanded the return of said note, and asked that the same be canceled and held for naught.

The reply of the plaintiffs is a denial of the allegations of said answer. As will appear from the discussion of the assignments of the plaintiffs, the questions presented on this appeal are not as to the soundness of the principles of law applied by the court, but are as to the applicability of same to the facts.

The uncontroverted material facts in evidence are that Finkenbinder, sometime prior to January, 1930, owned a tract of Roger Mills county land and entered into a contract with Luther Garland of Custer county in which Finkenbinder agreed to trade the said land to Garland for some Colorado property; however, no conveyance of this land had been executed. Garland did not desire to keep this Roger Mills county land

and placed the sale of the same with Luther Samuels, a real estate dealer. The plaintiffs, Dawson and Rowland, owned a tract of Custer county land which they were at the time on a deal to sell to Garland. Samuels tried to sell the Roger Mills county land to the plaintiffs, Dawson and Rowland. Dawson was the managing officer of the First National Bank of Custer City, Okla., and, while said plaintiff did not desire to buy the Roger Mills county land, said plaintiff, M. O. Dawson, and Samuels worked out a four-cornered deal under which the Roger Mills county land was to be sold to the defendant Cecil C. Cobb for a consideration of $2,200, and of which $1,200 was to be represented by a note which was to be delivered through Finkenbinder to Garland, and a note for $1,000, representing the balance of the said $2,200 consideration, which was to be delivered to the plaintiffs as being paid by Garland as part payment on the consideration for the sale of 200 acres of Custer county land which the plaintiffs were to convey to Garland. Samuels had authority to purchase for Garland the 200 acres of Custer county land from the plaintiff in the event the defendant Cecil C. Cobb purchased the Roger Mills county land which Garland had agreed to purchase from Finkenbinder, and to that extent the plaintiffs and Samuels were interested in the consummation of the sale of the Roger Mills county land to the defendant. Finkenbinder was agreeable to conveying the said land to any one Garland might desire.

The plaintiffs and Samuels then reached an agreement with the defendant under which the defendant agreed that he would pay $2,200 for the Roger Mills county land, which consideration was to be represented by two notes, one for $1,200, due in three years at 6 per cent. interest, secured by a mortgage on the land, and one for $1,000, and the plaintiff and Samuels then arranged for Finkenbinder to meet the defendant at the bank of the plaintiff, M. O. Dawson, to act as the holder of the legal title of the land, and it is the alleged subsequent occurrences and agreements between the parties which present the issues of fact, being the only issues in this case.

The plaintiff and Samuels conceived the idea that it would be best to have Finkenbinder convey the Roger Mills county land directly to the defendant Cobb, instead of conveying same to Garland and having Garland convey it to Cobb, and in that manner save the necessity of having Garland

present, and save the execution of one deed and some recording expense. The defendant Cecil C. Cobb agreed to this arrangement, and a written memorandum was then prepared by the plaintiff M. O. Dawson to be executed by Finkenbinder and the defendant Cecil C. Cobb which set forth the agreement as to the $1,200 note which the defendant was to execute on certain conditions for the benefit of Garland, but which writing did not refer to any agreement between the plaintiffs and the said defendant relating to the $1,000 note representing the balance of the consideration for the said sale of the land. The said written memorandum between Finkenbinder and the defendant is as follows:

"Custer City, Okla.
"June 25th, 1930.
"Whereas Carl Finkenbinder has contracted and agreed to trade to Luther Garland one certain tract of land containing 320 acres in Roger Mills county, and whereas Cecil C. Cobb is now negotiating for said tract of land.

"It is hereby agreed that I, Carl Finkenbinder, will deed direct to said Cecil C. Cobb on approval of Luther Garland the said tract of land to be free, clear and unincumbered except for an interest in the royalty on 80 acres of said land, and all the title shall be merchantable and that I will perfect such title if same is not merchantable.

"I, said Cecil C. Cobb, agree if same is acceptable and merchantable that I will execute the note of $1,200 at 6 per cent. maturing in 3 years signed by myself and wife together with a mortgage on said land.
"Carl Finkenbinder.
"Cecil C. Cobb."

As stated, the note in suit here executed by the defendants to the plaintiffs was not described or referred to in the said written memorandum and was not executed until twelve days later and on July 7, 1930, and is as follows:

"Custer City, Okla.
"July 7, 1930.
"$1000.00
"On Nov. 7, 1930, I, or we promise to pay Joe B. Rowland and M. O. Dawson, or order, one thousand dollars, payable at the First National Bank, at Custer City, Okla., with interest from September 1, 1930, at the rate of ten per cent. per annum payable annually, with $15.00 and ten per cent. of the amount due additional as attorneys fees, should this note be placed in the hands of an attorney for collections or judicial proceedings instituted to collect the same. Value received.

"The makers and endorsers hereof severally waive protest, demand and notice of protest and nonpayment in case this note is not paid at maturity, and agree to all extensions and partial payments, before or after maturity, without prejudice to the holder.

"Cecil C. Cobb.
"R. R. Cobb."

"P. O. Custer.

The first assignment is that the trial court erred in overruling plaintiffs' demurrer to the evidence on the behalf of the defendants, and the second is that the trial court erred in refusing to give to the jury the peremptory instruction requested by the plaintiffs. The demurrer to the evidence was based on the contention that the note sued on was executed by the defendants and delivered to the plaintiffs as a part of the consideration for the conveyance to defendant of the land in Roger Mills county, and that the above-quoted contract relating to the said sale between the said defendant and one Finkenbinder was in writing, and that the evidence of the defendants was at variance with the terms of the said written contract between Finkenbinder and the defendant Cobb, and that the trial court should have sustained the plaintiffs' objection to the oral evidence of the defendants in support of the allegations of the answer of the defendants as to failure of consideration and the failure of the plaintiff M. O. Dawson to perform his oral agreement to furnish a merchantable title to the defendant to the said Roger Mills county land, in part payment for which the said note in suit was executed. While counsel for the plaintiffs do not specifically state the basis of said second assignment, it is evident that its basis is the same as the first assignment.

It is evident from the above statement of pleadings and facts that the note which is the basis of this action and the oral agreements culminating in its execution are in no manner referred to in the said writing so executed by and between Finkenbinder and the defendant Cobb on June 25, 1930, and to which writing neither of the plaintiffs was a party. An examination of the said writing reveals that only one note is referred to therein, and said agreement in substance is that the said note, which is to be later executed upon the delivery of "acceptable and merchantable title" to the said land to the defendant Cobb, was to be in the sum of $1,200, and was to draw 6 per cent. interest and mature in three years, and to be secured by a mortgage on the said land. The note in suit was executed twelve days later and on July 7, 1930, and payable four months later with interest from September 1, 1930, at 10 per cent. per annum. It is perfectly obvious that the note in suit is not the note referred to in the said writing, since same is payable four months after date in the amount of $1,000, with interest from September 1, 1930, at 10 per cent. per annum. The fact is all parties agree that the note in suit represented the balance of the $2,200 consideration which the defendant Cobb had agreed to pay over and above the amount of said $1,200 note for title to the Roger Mills county land.

It is obvious from a study of the said written memoradum, which was prepared by the plaintiff M. O. Dawson, that the same covered only the part of the transaction which related to the part of the consideration which was to be represented by the said $1,200 note, which was to become the property of Garland, who had contracted with Finkenbinder to buy the said Roger Mills county land, and who was to pay Finkenbinder for same by delivering Colorado property, and that the said writing did not purport to state the entire consideration which was to pass from the defendant Cobb for such title to the said land, and that the said writing does not refer or relate to the $1,000 note in suit, which was to pass to the plaintiffs.

It is also admitted that Finkenbinder had no real interest in the four-cornered deal, and as the holder of the legal title to the land was acting at the request of Samuels and the plaintiff M. O. Dawson, on behalf of Garland, in executing the said writing with the defendant Cobb, and that Garland was to receive the $1,200 note as part of the consideration for the sale of Roger Mills county land to the defendant Cobb, and that the plaintiffs were to receive the balance of the consideration, in the amount of $1,000 represented by the note in suit, over and above the $1,200 note described in the writing, as a credit on the $4,000 consideration which Garland was to pay the plaintiffs for the Custer county land. The plaintiffs and the defendants were jointly concerned only with the agreement with reference to the payment of the said $1,000 balance of the said $2,200 consideration, and since the said written memorandum was not between the plaintiffs and the defendants and did not relate to the note in suit, there was no

necessity for inserting in the said written memorandum any agreement relating to the note herein sued upon.

Necessarily there must have been some understanding reached, orally or in writing, between the plaintiffs, Garland, and the defendant Cobb under which the $1,000 balance of the said consideration was to be paid, and as to the party to whom payment was to be made. That all of these matters were orally agreed upon in negotiations between the interested parties or their representatives is shown by the evidence on behalf of both parties, and the real issues presented in the case are as to the actual terms so orally agreed upon.

The trial court did not err in overruling the demurrer of the plaintiffs to the evidence on behalf of the defendants and in refusing to give to the jury the plaintiffs' requested peremptory instruction because of the well-settled rule that a written contract supersedes all oral negotiations or stipulations concerning its terms and subject-matter and that the same may not be altered or modified by an unexecuted oral agreement relied upon by the plaintiffs, for the reason that said rule has no application to the facts in the case at bar in that it is clear that the said written memorandum between Finkenbinder and the defendant Cobb in no manner refers or relates to the note in suit in this action. Section 5035, C. O. S. 1921, is restricted by its language to the subject-matter of the written contract and has no application to the facts in the case at bar. The cases of First Nat. Bank of Ryan v. Sappington, 53 Okla. 708, 157 P. 937; Kinnard-Haines Co. v. Billingham, 73 Okla. 129, 175 P. 208, and Guess v. Miner, 130 Okla. 93, 265 P. 633, cited by counsel for plaintiffs, are in point.

The third assignment is that the trial court erred in instructions 3, 4, 5, and 6 to the jury. It does not appear that counsel for plaintiffs in any manner challenged or excepted to any of these instructions. We have examined the instructions, and we find same to be clear, applicable, and sound; however, in the absence of an objection or exception to same, the plaintiffs may not successfully assign same as error. The soundness of said instruction No. 3 is not questioned, and it in substance is that the verdict should be for the plaintiffs unless the jury found by a fair preponderance of the evidence that "the plaintiff and Finkenbinder sold and agreed to deliver to the said Cobb merchantable title to the Roger

Mills county land within a specified time, or within a reasonable time, and that the plaintiffs and Finkenbinder failed to deliver good and merchantable title to the said Cobb within a reasonable time; and if you further so find that there was no other consideration for the note in suit except as a part of the purchase price of the said Roger Mills county land, then you are instructed that said note would be without consideration and plaintiffs should not recover, in which event your verdict should be for the defendants"; however, plaintiffs urge that under the terms of the said written memorandum executed by and between Finkenbinder and the defendant Cobb, the evidence as to the alleged oral agreement between the plaintiff M. O. Dawson and the defendant Cobb that merchantable title to the Roger Mills county land was to be delivered by plaintiffs and Finkenbinder as a condition precedent to the payment of the said note, was incompetent, as same constituted an attempt to vary or modify the terms of said writing and should not have been permitted to go to the jury over the objection of the plaintiffs. The holding in disposing of assignments 1 and 2 above adversely disposes of this contention.

Instruction No. 4 is in substance that where the "nature of the subject-matter of the contract is such that its value may change with great rapidity, that is, either increases or decreases with lapse of time, then it becomes of the essence of the contract, measured by all the facts and circumstances, the nature of the contract, together with the intention of the parties thereto, and performance thereof must be completed at the earliest practical time." Counsel for plaintiffs do not question the soundness of this instruction, but urge that the evidence shows that the title was cured or fixed as soon as possible and that the defendant Cobb did not complain of the delay. The undisputed evidence is that this four-cornered deal was agreed upon on or about the 25th day of June, 1930, and that the abstract of title to the Roger Mills county land was submitted to an attorney for an opinion on the title at once and that on June 28, 1930, three days later, the said attorney rendered an adverse opinion as to merchantability of the title in which there were a large number of important objections and requirements, and that the defendant returned the abstract to the plaintiffs and Finkenbinder, and that thereafter during a period of approximately two months the abstract was referred to several

other attorneys without securing results, and that finally in October, 1930, the said abstract was returned to the attorney who was the author of the rejecting opinion, and he was employed by Finkenbinder to cure the title and later instituted a suit in Roger Mills county to quiet the title in and to the land against certain clouds. That in March, 1931, this attorney reported that he had cured the said title, with certain exceptions. That in the meantime the Roger Mills county land had lost all its oil value. It is the contention of the plaintiffs that the defendant was satisfied with the title in March, 1931, and agreed to accept same, while the defendants vigorously contend the contrary, and the evidence on behalf of the parties is in sharp conflict and fairly presented the issues submitted by the court in the instructions.

While conceding that the trial court in instruction No. 5 submitted a correct definition of "merchantable title," and in instruction No. 6 submitted the correct rule, that "it is the province of the jury to determine, under all the evidence, facts, and circumstances of this case, what was a reasonable time for the perfection and delivery of a merchantable title to the said Roger Mills county land; and in making that determination you may take into consideration the nature of the contract between the parties, their purpose and intention in making the contract, the nature of the things to be done in order to perfect the title, the usual methods and circumstances by which things required were to be done, and the facts of this particular case, and from all these you may determine what constitutes a reasonable time," the plaintiffs urge that said instructions were inapplicable to the facts in this case for the reason that Cobb accepted the title to the land "and there was no obligation resting on plaintiffs to furnish any title whatsoever." As appears from the voluminous evidence in this case, the question as to whether the defendant accepted the title was one of the sharp issues in the case, and it was also an issue of fact as to whether the plaintiffs orally agreed to take the balance of $1,000 of the purchase price of the said land on the same condition that Garland took the $1,200 note, which was that acceptable and merchantable title should be delivered to the land. Since the jury under proper instructions decided these issues of fact against the plaintiffs, these assignments of the plaintiffs cannot be sustained.

The fourth assignment is that the verdict is not supported by sufficient evidence and is based on the proposition that the note sued upon by the plaintiffs was executed by the defendants after the defendant had entered into the said written memorandum with Finkenbinder, and that the defendant had full knowledge of the facts and that there was no fraud or misrepresentation pleaded or proved which would entitle the defendants to avoid the payment of the note, and that Finkenbinder had a reasonable time within which to perfect the defective title, and that the defendant then accepted same, and that defendants are now estopped from insisting on strict performance. The plaintiffs did not plead or prove a waiver of any of the terms of the alleged oral agreement. All the material matters recited were controverted issues of fact and were properly submitted to the jury by the trial court, and the verdict of the jury in favor of the defendants is conclusive of same.

The fifth assignment is in substance that the trial court erred in admitting the oral evidence as to the terms of the alleged oral agreement between the plaintiff M. O. Dawson and the defendant Cecil C. Cobb, as to the alleged terms of the oral agreement between the said parties in relation to the conditions and terms on which the note in suit was executed. Our adverse determination of assignments 1, 2, 3, and 4 adversely disposes of this assignment.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Chas. E. McPherren, Hubert Ambrister, and Calvin Jones in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. McPherren and approved by Mr. Ambrister and Mr. Jones, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration by a majority of the court this opinion was adopted.

McNEILL, C. J., and RILEY, BUSBY, PHELPS, and GIBSON, JJ., concur.