HOLLEM & TRUITT LBR. CO. v. MEDICINE PARK CORPORATION et al.

No. 32562. March 11, 1947.

Rehearing Denied May 6, 1947.

*180 P. 2d 152.*

John W. Tyree, of Lawton (Cruce, Satterfield & Franklin, of Oklahoma City, of counsel), for plaintiff in error.

Lawton Burton (Burton, Jennings & Jones, of counsel), all of Lawton, for defendants in error.

GIBSON, J. During 1939 Medicine Park Corporation, defendant in error, for improvement of its premises, purchased building materials from divers dealers who filed liens therefor. Among the lienors were Gilkey-Duff Hardware Company, a corporation, and Hollem & Truitt Lumber Company, a corporation, the plaintiff in error.

In September, 1940, the said hardware company instituted action in the district court of Comanche county to foreclose its lien and impleaded as defendants therein the other lien claimants. On October 7, 1940, Hollem & Truitt Lumber Company filed therein its answer and cross-petition asking judgment and foreclosure on and in accordance with its lien claim evidenced by note of said Medicine Park Corporation, bearing date of October 11, 1939, in the principal sum of $2,450.62, payable 60 days after date and providing for attorney's fees. Medicine Park Corporation filed its answer to the cross-petition on February 1, 1941. No further proceedings were had in the cause until in 1945, when Hollem & Truitt Lumber Company were permitted to file a demurrer to said answer, and upon same being sustained Medicine Park Corporation filed an amended answer which in substance interposed the defense of accord and satisfaction. On the issue so made defendant was awarded judgment, from which this appeal is prosecuted. The only question here is whether the judgment is sustained by the evidence.

The pertinent facts, which in substance are as found by the trial court and are fully supported by the evidence, are as follows: In February, 1943, it was evident that Medicine Park Corporation was heavily involved financially and it was at least questionable whether its assets were sufficient to pay the outstanding indebtedness, and this fact was known to Hollem & Truitt Lumber Company. Defendant in error Lula Belle Young, then president of Medicine Park Corporation, enlisted and obtained the agreement of one B. F. Hutchins to take over the assets of the corporation and its indebtedness and to advance sufficient funds to retire its indebtedness. Before entering into the agreement Hutchins communicated with the creditors of the corporation, including Hollen & Truitt Lumber Company, to definitely ascertain the outstanding indebtedness. And in execution of the agreement all of the claims were discharged without question other than that raised herein.

The result of the contact between Hutchins and Hollem & Truitt Lumber Company through its manager was that the company informed Hutchins that the balance owing to the company was $850.62, and that it agreed to accept payment thereof in installments of $100 payable per calendar month. And it is not questioned that the payments were so made and that the final payment representing the balance thereof in full was made in December, 1943.

The facts relied on as basis for the further prosecution of the action are that previous to the negotiations had with Hutchins divers partial payments aggregating $1,600 had been made. That this sum and the $850.62 were equal only to principal amount of said note, and therefore did not cover the interest and attorney's fees provided therein, and judgment is sought therefor.

It is urged that, in effect, the agreement between Hutchins and the lumber company was between the latter and Medicine Park Corporation and, carrying no new consideration, could not, under the law, effect an accord and satisfaction of a liquidated claim by payment of a sum less than due.

The principle invoked is not applicable to the facts herein. Previous to the agreement Hutchins was a stranger to the debtor and creditor relation existing between the parties. The legal effect of the agreement between the company and Hutchins is stated in the text of 1 Am. Jur. p. 221, sec. 18, as follows:

"The modern and better rule is that an accord and satisfaction made with one who is a stranger to the transaction to which it relates is good, and will bar an action on the claim involved, if the person against whom the claim was made has either authorized or ratified the settlement."

An illustration of the application of the rule announced is to be found in People's Exchange Bank of Elmdale v. Miller, 139 Kan. 3, 29 P. 2d 1079. There the court had under consideration a composition with creditors providing for full payment of the principal of the indebtedness in consideration of forgiveness of the interest. The action was to recover the unpaid interest upon the alleged ground that same was not discharged by the payment of the principal only because there was no consideration therefor. In the second paragraph of the syllabus there is declared the following:

"Another exception to the general rule as to the want of consideration for the modification of a written contract, in addition to that stated in paragraph 1 of this syllabus, is where such part payment is made by or with the aid of a third person."

In Bradley & Metcalf Co. v. McLaughlin, 87 Okla. 34, 208 P. 1032, this court said:

"An agreement between two parties to give and accept something in satisfaction of a right of action which one has against the other, when performed, is a bar to all actions upon this account, and it is not essential that payment should be made by the debtor himself; and, though it is made by one who is not a party to the contract and not in privity with the debtor, yet, if accepted

in satisfaction of the contract, it will discharge the obligation."

The rule is stated in Restatement of Contracts, § 421, as follows:

"Payment or other performance by a third party, accepted by a creditor as full or partial satisfaction of his claim, discharges the debtor's duty in accordance with the terms on which the third party offered it."

Affirmed.

HURST, C.J., DAVISON, V.C.J., and OSBORN, WELCH, CORN, and ARNOLD, JJ., concur.