**The TRANE COMPANY, a Corporation, Plaintiff in Error,**

v.

**BEARDEN PLUMBING AND HEATING COMPANY, a Corporation, Defendant in Error.**

**No. 42161.**

Court of Appeals of Oklahoma
Division No. 90.

Oct. 30, 1969.

Ungerman, Grabel, Ungerman & Leiter, Tulsa, for plaintiff in error.

James O. Goodwin, and James Duley Williams, Tulsa, for defendant in error.

MILLS, Judge.

This case involves an action by plaintiff in error, described herein as Trane, or as plaintiff, against defendant in error, described herein as Bearden, to recover a balance alleged to be due on an account for supplies purchased from Trane by Bearden. Bearden denied liability alleging the defense of an accord and satisfaction. Jury verdict, and judgment thereon, was entered for the defendant.

Revco Construction Company (Revco) was prime contractor in the construction of a public school building in Tulsa. Bearden was a subcontractor. His surety was Tri-State Insurance Company, described herein as Tri-State. Upon completion of the job Revco owed Bearden $26,560.49, and Bearden owed plaintiff and other suppliers for material used on this job.

Five different witnesses testimony is in the record. Numerous objections were made. A summary of the written exhibits, material to the issue of accord and satisfaction, in order of time, is as follows: On February 14, 1961, Trane wrote Bearden asking for payment of their claimed balance for supplies of $18,393.50. Copies of this letter were sent to Revco and Tri-State. On February 17, 1961, Tri-State wrote Revco acknowledging receipt of Revco's check for $26,560.49 which check was payable to Tri-State and also to Bearden. On February 20, 1961, Tri-State wrote Trane that they, Tri-State, had examined Bearden's books, that Bearden owed Trane $16,477.00, and upon receipt of a release they would "liquidate" this matter. Trane wrote Tri-State stating that Bearden owes them $18,163.50, that there are differences between them and that "compromises the wisest course" and offer to settle the account for one-half the difference between $16,477.00, the amount claimed that Bearden owes, and $18,163.50, claimed by Trane to be owed, that is for the named sum of $17,295.25, which the writer said, under the circumstances, is a "fair and realistic settlement for all concerned." On February 28, 1961, Tri-State wrote Johnson Service Company as to its claim against Bearden. A copy of this letter was sent Bearden and in a post-script to it Tri-State states that it encloses a copy of the letter from Trane dated February 24, 1961, (above referred to) and asks for information relating to Trane's account, that they may decide what to do about it. On March 10, 1961, Trane wired Tri-State for an answer to their offer made in their letter of February 24th. On the same date Tri-State wired Trane that they cannot ac-

cept that offer. Mr. Atkinson, assistant credit manager of plaintiff, by deposition, testified that plaintiff received a letter dated March 15, 1961, which stated, "I am enclosing draft in the amount of $16,477.00, in settlement of this account", signed by Tri-State. This draft for $16,477.00, drawn on Tri-State, was endorsed for deposit by plaintiff. On the face of it, it provides, "nature of payment full and final settlement of F. J. Bearden Plumbing and Heating Company account on Chester W. Nimetz school, Tulsa, Oklahoma." On the back above the endorsement it states, "Endorsement by payee constitutes a full and complete release for claim described on the reverse side to Tri-State xxx, and where applicable, its insured." Trane executed a form "release and subrogation agreement," in consideration of the sum of $16,477.00, paid by "surety", releasing surety and assigning its rights or claims against Bearden to Tri-State. It was dated March 13, 1961.

 The oral evidence is in conflict. The many contentions that the Court erred in the introduction of this evidence are not well taken. It is contended that the introduction of oral evidence by Bearden which contradicted the terms of the release and subrogation agreement between Trane and Tri-State violated the parol evidence rule, 15 O.S.1961, secs. 137 and 237. Bearden was not a party to this instrument, was not bound by it, and not precluded from introducing evidence to vary or contradict it. Dawson v. Cobb (1935), 171 Okl. 296, 42 P.2d 269; 30 Am.Jur.2d "Evidence" # 1030, pg. 165. Trane was positively informed by Tri-State of the circumstances and dealt with Tri-State as shown by Trane's letter. Tri-State had Bearden's authority to act for it.

Plaintiff contends that the Court erred in submitting to the jury the question of accord and satisfaction. The Court did so fully and clearly under the law. An accord and satisfaction made with a stranger to the transaction to which it relates is good, and will bar an action on the claim involved, if accepted. See Hollem and Truitt Lbr. Co. v. Medicine Park Corp. (1947), 198 Okl. 555, 180 P.2d 152. Trane did receive and cash the draft sent them by Tri-State with the notations thereon as above stated, Wilmeth v. Lee (1957), Okl., 316 P.2d 614.

Plaintiff claims that the Court erred in overruling the plaintiffs Motion for a Mistrial because of alleged statements made by witness Bearden, in the presence of the jury, during plaintiff's attorneys argument. What occurred is not in the record. M–K–T RR. Co. v. Edwards (1961) Okl., 361 P.2d 459. The Court overruled the motion. His action is therefore held to be correct.

Plaintiff says that the Court erred in allowing the defendant to withdraw its Motion for a directed verdict, and also in overruling plaintiff's Motion for Judgment non obstante veredicto. Since there was an issue of fact to be submitted to the jury these contentions are without merit.

Affirmed.

BERRY, P. J., and HARRIS, J., concur.