**Eldon FAULKENBERRY, Appellee,**

**v.**

**The KANSAS CITY SOUTHERN RAILWAY COMPANY, a corporation, Appellant.**

**No. 55005.**

Supreme Court of Oklahoma.

March 15, 1983.

Rehearing Denied April 25, 1983.

Richard L. Keirsey, Burton J. Johnson,
Looney, Nichols, Johnson & Hayes, Oklaho-
ma City, for appellant.

Whit Pate, Poteau, for appellee.

OPALA, Justice:

In this action under the Federal Employers' Liability Act [FELA] the issues presented on appeal are: [1] Was there prejudicial error in failing to instruct the jury that damages for lost future wages are not subject to income tax liability? [2] Did the trial court err in failing to sustain Railroad's demurrer to the evidence? [3] Did the trial court's refusal to bifurcate the proceedings constitute reversible error? and [4] Was there prejudicial error in a ruling that restricted the scope of cross-examination? We answer all four questions in the negative.

The action under review was brought by an employee against the Kansas City Southern Railway Company [Railroad] for disabling injuries received on the job. On appeal from judgment on jury verdict that found the employee's release subject to avoidance and awarded him $50,000.00, this court reversed the judgment and remanded the cause for a new trial on all the issues.[1] Upon retrial, the jury verdict again went against the Railroad and this time the employee was awarded $475,000.00. The instant appeal followed.

I.

The Railroad first submits that the trial court erred in not instructing the jury that damages for lost future wages are not subject to income tax liability. Its argument is rested on the U.S. Supreme Court's decision in *Norfolk & Western Railway Company v. Liepelt*[2] handed down one week after judgment came to be rendered in the instant case. *Liepelt* pronounced a new rule of law. It held that a FELA defendant was entitled, as a matter of federal law, to an instruction that damages award for lost future wages is not subject to federal income taxation.

■ Error in refusing to give the requested instruction is governed by federal law.[3] Questions dealing with damages that may be recovered in a FELA action are federal in character.[4]

The threshold question here is whether *Liepelt* requires that we apply its teaching to a case tried and terminated before the pronouncement of the new rule. The Court's opinion did not explicitly state that it was to have retroactive effect.

■ Although *Liepelt's* effect does remain somewhat unsettled, the Court's subsequent decision in *Gulf Offshore Co. v. Mobile Oil Corp.*[5] gives a rather clear indication that *Liepelt's* retroactivity is indeed likely. We assume here that *Liepelt* does govern cases tried before its pronouncement. But this does not mean that *Liepelt* requires a reversal in every such case if *no* instruction was given advising the jury that damages for loss of future wages are not subject to federal income taxation. Rather, with respect to pre-*Liepelt* trials the record should first be examined to ascertain whether the jury was indeed under a misapprehension of the tax laws' impact on its verdict. A great disparity between the evidence and the verdict would be a sure indication of a jury's misconception.

In this appeal we undertake the examination *sua sponte,* mindful as we are that the defendant did not have a fair and full opportunity to raise the issue in its post-trial motions.[6]

■ The purpose of the *Liepelt* holding was to eliminate from the process of jury

1. *Faulkenberry v. Kansas City Southern Ry. Co.,* Okl., 602 P.2d 203 [1979].

2. 444 U.S. 490, 100 S.Ct. 755, 62 L.Ed.2d 689 [1980].

3. *Norfolk & Western Railway Co. v. Liepelt,* supra note 2, 444 U.S. at 492–493, 100 S.Ct. at 757.

4. *Norfolk & Western Railway Co. v. Liepelt,* supra note 2, 444 U.S. at 492–493, 100 S.Ct. at 757; *Michigan Central R. Co. v. Vreeland,* 227 U.S. 59, 33 S.Ct. 192, 194, 57 L.Ed. 417 [1913].

5. 453 U.S. 473, 486–487, 101 S.Ct. 2870, 2879, 69 L.Ed.2d 784, 796–797 [1981], footnote 16.

6. The Railroad's motion for new trial did not contain an allegation of error based on the *Liepelt* rationale. Its amended motion, which included this allegation of error, was not timely brought.

deliberation "an area of doubt or speculation that might have an improper impact on the computation of damages."[7] The economist in *Liepelt* testified to lost earnings of $302,000.00. The jury awarded the plaintiff $775,000.00. In the present case the employee pressed a claim for lost wages as well as for pain and suffering. The undisputed testimony of an economist placed his lost future earnings in 1980 dollars at between $649,853.00 and $737,897.00. The jury's total award was $475,000.00.

Because no disparity is present here between the employee's evidence and the award allowed him and there is hence no indication that the jury had raised the award in a mistaken belief that its verdict would be subject to income tax liability, we hold that the trial court's pre-*Liepelt* refusal to give the now-required non-taxability instruction does not afford a ground for reversal.

## II.

■ The Railroad also complains that the trial court erred in failing to sustain its demurrer to the evidence. This error was not raised in the motion for new trial. It appears for the first time in the petition-in-error. The law is well settled that if a motion for new trial is filed and denied, the movant may not, on appeal, allege error which, though available to him at the time his motion was filed, was not asserted therein.[8] Railroad's failure to do so places the issue beyond the reach of our review.

## III.

The Railroad also submits that the trial court erred in failing to sever from the merits stage of the trial the preliminary issue of whether the employee could avoid the binding effect of his prior settlement release.

■ A trial court may order a separate trial of any issue upon proper motion by a party,[9] but it is not required to do so. Only where there is a clear abuse of discretion will this court disturb a decision made on this point.

■ The burden rests on the Railroad to show that under the circumstances of this trial the court's failure to sustain its request for bifurcation resulted in prejudice and detriment. The Railroad's argument here, while most certainly appealing to a sense of orderly procedure, does not justify reversal. Nor does it counsel the imposition of a *per se* rule requiring bifurcation in every case. Bifurcation is more wisely to be confined to the special circumstances found to be present in a litigated case.

## IV.

Lastly, the Railroad contends that the trial judge committed reversible error when he ruled that an early psychological evaluation of the employee could not be used in cross-examining the employee's psychologist.

At the time Railroad's medical exhibits were offered in evidence, employee's counsel did not object to the evaluation's admission in evidence. When Railroad's counsel attempted to use the evaluation in cross-examining employee's psychologist, employee's counsel objected to the use of the evaluation. The trial judge ruled that the evaluation was "prejudicial" and directed that it may not be used in cross-examination.

The employee's evaluation under consideration—the Minnesota Multiphasic Personality Inventory [MMPI test]—was carried out in 1975. The test was taken shortly after his initial x-ray examination failed to turn up any indication of a back injury. The result of the test in question was believed to indicate that the employee was exhibiting schizophrenic tendencies and

**7.** *Norfolk & Western Railway Co. v. Liepelt,* supra note 3, 444 U.S. at 498, 100 S.Ct. at 759–760.

**8.** 12 O.S.1981 § 991(b); *Poteete v. MFA Mutual Insurance Company,* Okl., 527 P.2d 18, 22 [1974]; *Davis v. Sams,* Okl., 542 P.2d 943 [1975]; *Neel v. Board of County Commissioners of Cherokee County,* Okl., 617 P.2d 201, 203 [1980].

**9.** 12 O.S.1981 § 243; 12 O.S.1981 § 323.

may have been malingering. After he was readmitted for treatment a second time, another x-ray was taken of the employee's back. This time it revealed a herniated disc. Immediate surgery followed. Employee's medical witness testified in unequivocal terms that the first x-ray did in fact reveal a herniated disc but its presence, no doubt, went undetected by the reviewing physician.

Approximately five years after the disc surgery, the employee underwent a series of three psychological tests. One of these measured depression, the second personality [the MMPI test] and the third measured sociopathy. On the basis of these tests, the psychologist found that the employee was in a state of emotional incapacitation by stress from constant pain from his injuries. The psychologist further testified that as long as the pain was present the worker's emotional and mental problems would continue.

The Railroad sought to impeach the psychologist's testimony by the first (1975) MMPI test.

■ Generally, any matter is a proper subject of cross-examination which is within the scope of direct examination, is material or relevant thereto and which tends to explain, contradict or discredit the witness's testimony. But a witness may not be impeached by reference to some collateral, irrelevant or immaterial matter.[10]

■ The earlier MMPI evaluation in question was conducted at a point in time

when the real source of the employee's physical problems had not yet been either diagnosed or reached for effective treatment. The test—although similar to one of the three on which the employee's psychologist based his testimony—was conducted by another person under vastly different conditions some five years earlier. It had then been given for the purpose of ascertaining the employee's state of mind at that particular point in time. The result of the 1975 MMPI test cannot be said to bear any relevancy upon the later-conducted evaluation which was made in conjunction with other tests and the psychologist's personal observations. The Railroad's offer of proof provides here absolutely *no* clue as to relevancy. It is devoid of *any* indication of what the Railroad proposed to show by inquiring, on cross-examination, into the older MMPI evaluation. If indeed there was error in precluding inquiry on cross-examination into the prior evaluation with a facially doubtful relevance to the psychologist's direct testimony, it was at best harmless. 12 O.S.1981 § 2104(A)(2).[11]

The extent of cross-examination is largely in the discretion of the trial court. Absent an abuse of that discretion to the manifest prejudice of the complaining party, judgment will not be reversed on the grounds that cross-examination was either improperly restricted or enlarged.[12] A party has no right to cross-examine except as to facts and circumstances connected with a witness's testimony on his direct examina-

**10.** Under pre-Code case law, both civil and criminal, evidence which is not relevant to the issues in the case may be excluded. See *Cox v. Sarkeys,* Okl., 304 P.2d 979, 984 [1956] and *Davis v. State,* 30 Okl.Cr. 61, 234 P. 787, 790 [1925].
Pertinent Evidence Code sections, 12 O.S.1981 §§ 2401 and 2402, provide:
§ 2401. " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."
§ 2402. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of Oklahoma, by statute or by

this Code. Evidence which is not relevant is not admissible."

**11.** The terms of 12 O.S.1981 § 2104(A)(2) provide in pertinent part:
"A. Error may not be predicated upon a ruling which admits or excludes evidence *unless a substantial right of a party is affected,* and:
* * *
2. If the ruling is one excluding evidence, the substance of the evidence was made known to the judge by offer or was apparent from the context within which questions were asked. * * *" [Emphasis added].

**12.** *Lyday v. Holloway,* Okl., 325 P.2d 432, 433 [1958].

tion. It is not improper to restrict the cross-examination that is sought to be extended to facts that are remote or disconnected from matters inquired into on direct examination.[13]

The trial court's judgment is free from error of law. It is accordingly affirmed.

IRWIN, HODGES, LAVENDER and HARGRAVE, JJ., concur.

SIMMS, V.C.J., concurs in result.

BARNES, C.J., and DOOLIN, J., concur in Parts I, II and III and dissent from Part IV.

WILSON, J., concurs in part and dissents in part.

---

13. *Guess v. Miner,* 130 Okl. 93, 265 P. 633, 634 [1928].