2001 OK CIV APP 47

**Marilyn J. FISHER, Personal Representative of the Estate of Alisha Diane FISHER, Deceased, Plaintiff/Appellant,**

v.

**NORTHLAND INSURANCE COMPANY and Kenneth D. Arnold d/b/a Ken Arnold Trucking, Defendants/Appellees.**

No. 93,351.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 6, 2000.

Rehearing Denied Nov. 22, 2000.

Certiorari Denied April 3, 2001.

---

Alan Agee, Garvin, Agee, Carlton & Mashburn, L.L.P., Pauls Valley, OK, for Appellant.

Victor Albert, McKinney & Stringer, P.C., Oklahoma City, OK, for Appellees.

## OPINION

GARRETT, Judge:

¶1 Alisha Diane Fisher, was riding in her teacher's car when it was involved in a collision with a tractor-trailer owned by Defendant/Appellee, Kenneth D. Arnold d/b/a Ken Arnold Trucking. Alisha was killed in the accident. Plaintiff/Appellant, Marilyn Fisher (Appellant or P.R.) filed suit against Ken Arnold Trucking and its insurer, Northland Insurance Company. P.R. alleged the driver of the tractor-trailer was acting within the scope of his employment when the accident occurred and that the driver was at fault. She also alleged Northland Insurance had issued a liability insurance policy or policies for Ken Arnold Trucking and was jointly liable with driver and Ken Arnold Trucking Company.[1]

¶2 Appellees filed a motion to bifurcate the trial. Appellees sought to bifurcate the liability portion of the trial from the damages portion. Appellees also sought to bifurcate Northland Insurance Company's involvement until and unless "the condition precedent finding of liability against Ken Arnold d/b/a Ken Arnold Trucking." The issues were bifurcated. The issue of liability was tried first. The jury returned a verdict, as to liability, in favor of Ken Arnold Trucking and judgment was entered in accordance with the verdict. P.R. appeals.[2]

¶3 P.R. contends the court erred in allowing the liability portion of the trial to be bifurcated from the damages portion and then refusing to allow testimony by P.R. in the liability portion. P.R., who was Alisha's grandparent, sought to testify regarding her relationship with the child and that she brought the action standing in loco parentis. Appellees stipulated to the above, but P.R. attempted to testify and was prevented from doing so. P.R. contends the court abused its discretion.

¶4 Generally, it is within the discretion of the trial court to bifurcate a trial. The court may order a separate trial of any issue upon proper motion by a party and the exercise of discretion will be disturbed only for clear abuse. *Faulkenberry v. Kansas City Southern Ry. Co.*, 1983 OK 26, 661 P.2d 510, (*Cert. denied*) 464 U.S. 850, 104 S.Ct. 159, 78 L.Ed.2d 146 (1983). Here, Appellees claimed bifurcation of the damages from liability was necessary because of a strong possibility of prejudice due to sympathy. Without a showing of liability, there would be no issue of damages for trial. P.R. has not shown that she was prejudiced when she was not allowed to testify at the trial of the issue of liability. Her offered testimony went to the relationship of in *loco parentis* she had with Alisha, and her legal ability to bring the lawsuit. Appellees stipulated to these issues; and, the matters did not have any bearing on the issue of liability. Since P.R. has not shown she was prejudiced by the bifurcation, she has not shown the court abused its discretion. We see no error.

¶5 P.R. contends the court erred in failing to grant a directed verdict that Appellee's driver was negligent. She contends the driver failed to check his mirror often enough, and if he had, he could have seen the other car and avoided the accident. She contends that the Commercial Drivers' License Manual cautions a driver to check his mirrors regularly and to check the mirrors more than regularly when making a movement like a turn. P.R. contends that even assuming there was a question of causation, the court should have rendered a partial summary judgment on the issues of duty and a breach of that duty by the driver.

¶6 A directed verdict is proper only when there is no question of material fact. As the Court said in *Messler v. Simmons Gun Specialties, Inc.*, 1984 OK 35, 687 P.2d 121:

> When the trial court considers a demurrer to the evidence or a motion for directed verdict, it must consider as true all evidence and all reasonable inferences favorable to the party against whom the demurrer or motion is directed, and disregard

---

1. Ken Arnold Trucking Company and Northland Insurance Company will be referred to collectively as Appellees.

2. Only issues preserved for appeal will be discussed. See, Rules of the Supreme Court, T. 12, Ch. 15, App. 1, Rule 1.11(k)(1).

any conflicting evidence which is favorable to the demurrant or movant. Either motion should be overruled in the absence of proof which tends to show any right to recover.

Here, there was evidence which showed driver followed the proper sequence of events and checked his mirrors "more than regularly". There was also evidence to show P.R.'s expert could not determine how the terms "regular" or "more than regular" were defined. Under these facts, there was conflicting evidence, which precluded a directed verdict. There was competent evidence which supported the verdict. Absent error of law, we must not disturb the verdict.

■ ¶ 7 P.R. contends the court erred in not sustaining her jury challenges for cause. She contends: Juror Atkins was a native of Peru and unable to understand English; Juror Morris had learning disabilities, lived in a group home and had completed only the 7th grade; and, Juror Rankin had been the mayor of the town when one of the defense attorneys was the city's attorney. P.R. apparently contends these matters were prejudicial to her case.

¶ 8 The court had extensive discussion with Atkins regarding her familiarity with the English language and whether she could understand the proceedings. She said she could understand the proceedings, but had trouble with "technical" terms. After the court assured Atkins there would be little likelihood of technical terms in a case such as this, the court satisfied itself Atkins was a proper juror. Similarly, the court discussed Morris's ability to understand the proceedings. There was no discussion about any mental limitation of Morris. In fact, he assured the court he could understand the concepts and ideas such as negligence, and that he could read and understand the instructions given. In *Lee v. Swyden*, 1957 OK 331, 319 P.2d 1009, the Court said:

> A large discretion is vested in the trial court in determining the competency and qualifications of jurors, and its action should never be disturbed by an appellate court, unless an abuse of such discretion is clearly apparent.

The record reveals the court determined Atkins and Morris were competent. We fail to perceive an abuse of discretion, and will not disturb the court's action as to these two jurors.

■ ¶ 9 Finally, after the court had satisfied itself that Mayor Rankin was a fair and impartial juror, P.R. excused Rankin with a peremptory challenge. In *Cox v. Sarkeys*, 1956 OK 294, 304 P.2d 979, the Court said:

> It is a rule of almost universal application that error on the part of the court in overruling a challenge to an objectionable juror is not material, if such juror did not serve as such on the trial of the case and the legal rights of the objecting party were not prejudiced thereby.

Rankin did not serve as a juror and P.R. has failed to show any prejudice. We see no error.

■ ¶ 10 P.R. contends the evidence was not sufficient to allow the jury verdict for Appellees on the issue of liability, and that it should be reversed and a judgment entered in favor of P.R. She contends the verdict shows the driver of the truck to be without negligence, and that even if he was only 1% negligent, a verdict should be entered for P.R. on the issue of liability. In an action of legal cognizance, the credibility of witnesses and the weight and value of their testimony are questions exclusively for the jury, and where there is any competent evidence reasonably tending to support the verdict, such verdict and judgment pronounced thereon will be sustained. *Pine Island RV Resort, Inc. v. Resort Management, Inc.*, 1996 OK 83, 922 P.2d 609. There was competent evidence which supported the verdict. Absent error of law, we must affirm.

¶ 11 AFFIRMED.

¶ 12 JONES, P.J., and BUETTNER, J., concur.